# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY,<br><br>       Plaintiff,<br><br>    v.<br><br>MORIS BERACHA; 4A STAR CORP.; BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.; DOBSON MANAGEMENT CORP.; EAST COAST CONSULTANT CORP.; FRACTAL FUND MANAGEMENT LTD.; FRACTAL FACTORING FUND; FRACTAL L HOLDING LTD.; FRACTAL P. HOLDING LTD.; FRACTAL FACTORING II; HERMITAGE CONSULTANTS INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; ROWBERROW TRADING CORP.; and SUNNY SERVICES CORP.,<br><br>       Defendants. | Case No. 12-CV-00180-SRU |

### **DECLARATION OF LUIS OTERO**

**LUIS OTERO**, declares the following to be true pursuant to 28 U.S.C. § 1746:

1. I am the sole director of defendant, Bradleyville, Ltd. ("Bradleyville"), a limited company incorporated on the Island of Nevis. Bradleyville's registered office is located at Dixcart House, Fort Charles, Charlestown, Nevis, St. Kitts and Nevis.

2. I am a citizen and resident of Venezuela, domiciled in Caracas, Venezuela. I am not, and never have been, a citizen of the United States.

3. I respectfully submit this Declaration for the limited purpose of objecting to personal jurisdiction in accordance with the statement made on my behalf in the Motion on Consent for Extension of Time and Approval of Briefing Schedule. I am <u>not</u> making this Declaration in response to the claims made by John J. Carney. Instead, I am making this Declaration <u>solely</u> in support of Bradleyville's Motion to Dismiss the complaint filed by John J. Carney (the "Receiver"), in his capacity as Receiver to The Michael Kenwood Group, LLC and certain affiliated entities (the "Receivership Entities"), dated February 3, 2012 (the "Complaint" or "Compl."). I have reviewed the Complaint and am fully familiar with, and have personal knowledge of, the facts set forth herein.

### The Transactions at Issue

4. Bradleyville has participated in certain transactions involving, *inter alia*, credit-linked structured notes related to Venezuelan bonds and U.S. dollar-bolivar currency swaps (known as "permutas" in Spanish). Under the following labels, the Complaint alleges that Bradleyville participated in five transactions introduced to it by Francisco Illarramendi ("Illarramendi"):

   a) Transaction I, the sale of medium term notes involving multiple foreign counterparties in which Bradleyville is alleged to have received an apparent commission payment from a Panamanian entity, HPA, Inc. ("HPA");

   b) Transaction IV, a transaction that appears to involve "permutas" with Petróleos de Venezuela, S.A. ("PDVSA"), a Venezuelan government-owned oil company, in which Bradleyville is alleged to have received a payment from Panamanian entity, HPA;

   c) Transactions IX and XVIII, transactions that appear to relate to credit-linked notes tied to Venezuelan sovereign paper and sovereign risk, in which Bradleyville is alleged to have a received a payment from offshore Receivership Entity, Special Opportunity Fund ("SOF"), and to have made a payment to offshore Receivership Entity, Michael Kenwood Venezuela ("MKV"), respectively; and

   d) Transaction XII, a transaction that appears to involve the payment of a commission to, among others, Bradleyville, by offshore Receivership Entity, SOF.

  5. At no time did I ever know or have reason to know that Illarramendi was engaged in a Ponzi scheme, or that Bradleyville would be assisting or facilitating, or benefiting from, a Ponzi scheme, fraud, or other kind of tortious or illicit activity.

  6. In any event, any transfer of money that Bradleyville may have received in connection with these "Transactions" was received by it outside the United States, and any monetary transfer that Bradleyville may have made was sent offshore, *i.e.*, outside the United States. Further, as explained below, Bradleyville has no offices or agents in Connecticut nor has it conducted, solicited or transacted any business in Connecticut in connection with these "Transactions" or otherwise. Finally, Bradleyville has never committed any torts within Connecticut causing injury in Connecticut, nor has it committed any torts outside of Connecticut causing injury to person or property within Connecticut.

### Bradleyville's Affiliations, or Lack Thereof

  7. Certain allegations in the Complaint attempt to link Bradleyville to other defendants or parties named therein. However, Bradleyville has no subsidiaries or affiliates.

3

As such, the Complaint's allegation that Bradleyville is "a subsidiary or affiliate of Bestinvest Casa de Bolsa" (Compl. ¶ 25) is false.

8. Further, while I personally have known defendant, Moris Beracha for 18 years, contrary to the allegations of the Complaint, Moris Beracha never has held, and currently does not hold, any ownership interest in, or officer or director position with, Bradleyville. He has no interest in Bradleyville. Moreover, Moris Beracha never has exercised, and currently does not exercise, any control over the finances, policy, or business practices of Bradleyville. The Complaint's allegation that Bradleyville is an alter ego of Moris Beracha is false.

### Bradleyville is Domiciled in Nevis, Not the British Virgin Islands

9. The Complaint incorrectly alleges that Bradleyville "is a British Virgin Islands entity with a registered address c/o Luis Otero, Commonwealth Trust, Ltd., Drake Chambers, British Virgin Islands." (Compl. ¶ 25.) While Bradleyville originally was incorporated in the British Virgin Islands in 1999, on October 7, 2010, Bradleyville transferred its domicile to the Island of Nevis. Annexed hereto as Exhibits A, B and C, respectively, are true and correct copies of Bradleyville's:

    a) Application For Transfer of Domicile to the Island of Nevis, filed October 7, 2010 with the Registrar of Offshore Companies and Trusts in Nevis;

    b) Certificate of Incorporation, filed October 7, 2010 with the Office of the Registrar of Companies in Nevis; and

    c) Certificate of Transfer of Domicile to Nevis, filed October 7, 2010 with the Office of the Registrar of Companies in Nevis.

10.     Pursuant to its transfer of domicile from the British Virgin Islands, in or about October 2010, Bradleyville ceased to be registered with the Office of the Registrar of Companies in the BVI, and terminated its agency relationship with its former registered agent in the BVI, Commonwealth Trust Limited.

11.     Currently, Bradleyville's sole registered agent is Dixcart Management Nevis Limited ("Dixcart"), which is located on the Island of Nevis. (See, e.g., Exhibit A hereto, ¶ 5.) Consistent with the foregoing, in its Application for Transfer of Domicile, Bradleyville expressly elected for Dixcart to accept service on its behalf with respect to *all* claims against Bradleyville, including claims arising out of alleged actions or omissions that occurred *"prior to its departure* from [the BVI]," such as the purported claims at issue in this litigation. (See id., ¶ 8 (emphasis added)).

### Bradleyville Has No Contacts With Connecticut

12.     While the Receiver has chosen to file this lawsuit against Bradleyville in the United States District Court, District of Connecticut, as illustrated below, Bradleyville has no property in Connecticut, nor has it conducted, solicited or transacted any business in Connecticut, and, with the exception of an apartment it owns in New York City, does not own any property in the United States.

13.     Bradleyville does not maintain an office, address, or telephone number in the United States.

14.     Bradleyville does not have any employees in the United States.

15.     Bradleyville is not licensed to do business in Connecticut or in any other jurisdiction in the United States.

5

16. Bradleyville does not maintain a registered office or agent anywhere in the United States.

17. Bradleyville does not advertise, market or solicit business, and has not sold, offered to sell, or attempted to sell any products or services anywhere in the United States.

18. Bradleyville does not maintain any bank or investment accounts in Connecticut or anywhere else in the United States.

19. While Bradleyville owns an apartment in New York located at 845 United Nations Plaza, Unit 36A, New York, New York 10017, the Complaint does not allege that this apartment constitutes receivership property, nor is it alleged to have been purchased with the proceeds of any alleged fraudulent transfer made to Bradleyville. To the contrary, Bradleyville purchased this apartment from Mr. Beracha in January 2007, in an arm's length transaction for fair value.

20. Other than the apartment mentioned in paragraph 19, Bradleyville does not own any real or personal property in the United States.

21. Bradleyville does not hold any mortgages, loans, or similar instruments in the United States.

22. All of the records of Bradleyville pertaining to the transactions at issue in the Complaint are maintained outside the United States. Accordingly, any witnesses having knowledge of these transactions will almost certainly be located outside the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Madrid, Spain on May 23, 2012.

_____
Luis Otero

# EXHIBIT A

ISLAND OF NEVIS
APPLICATION FOR TRANSFER OF DOMICILE

PURSUANT TO PART XII OR PART XIII OF THE NEVIS
BUSINESS CORPORATION ORDINANCE, AS AMENDED

1. The name of the Corporation is BRADLEYVILLE LIMITED

2. The Corporation was established under the laws of the British Virgin Islands on the 7th day of January, 1999 and it is presently domiciled in the British Virgin Islands.

3. The Transfer of Domicile has been approved by the following corporate action: a resolution passed unanimously by the Directors and Shareholders at a meeting held at Quai Wilson 37, 1211 Geneva 3 on the 22nd September, 2010.

4. Such transfer is made in good faith and will not serve to hinder, delay or defraud existing shareholders, creditors, claimants or other parties in interest.

5. The Corporation's Registered Agent in Nevis shall be Dixcart Management Nevis Limited situated at Dixcart House, Fort Charles, Charlestown, Nevis, St. Kitts and Nevis.

6. The Registered Office of the Corporation will be situate at Dixcart House, Fort Charles, Charlestown, Nevis, St. Kitts and Nevis.

7. At the time of transfer, the Corporation is not in breach of any duty or obligation imposed upon it by the Ordinance or any law of Nevis.

8. The Corporation may be served in Nevis with process arising out of actions or omissions occurring prior to its departure from its present jurisdiction.

9. The Articles of Incorporation shall be identical to the current Articles of Incorporation except as follows: a) the Registered Agent shall be Dixcart Management Nevis Limited b) the new domicile and place of incorporation shall be the Island of Nevis.

10. Annexed hereto are:

    Apostilled Certificate of Good Standing
    Apostilled Memorandum & Articles of Association
    Resolution of the Directors & Shareholders

IN WITNESS WHEREOF, the undersigned has executed this application on 0 OCT 07 2010 October, 2010.

........................................
CERTIFICATE OF NOTARY PUBLIC

October 7, 2010

I, as Notary Public of Charlestown, Nevis hereby certify that this document is an original document presented to me this day by Mr. John Terry and I hereby affix my seal in support of the said document.

Notary Public

# EXHIBIT B

# ISLAND OF NEVIS
## OFFICE OF THE REGISTRAR OF COMPANIES

### *CERTIFICATE OF INCORPORATION*

I HEREBY CERTIFY that

## **BRADLEYVILLE LIMITED**

a company incorporated under the laws of *The British Virgin Islands*
on *07th day of January, 1999* and was redomiciled under the provisions of the Nevis Business Corporation Ordinance 1984, as amended, on

*7th October, 2010*

Given under my Hand & Seal at Charlestown
This *07th October, 2010*

_____
Registrar of Companies



*aU52U7XA*                              No. C 37755

# EXHIBIT C

ISLAND OF NEVIS

OFFICE OF THE REGISTRAR OF COMPANIES

CERTIFICATE OF TRANSFER OF DOMICILE TO NEVIS

PURSUANT TO PART X11 OR X111,
OF THE NEVIS BUSINESS CORPORATION ORDINANCE 1984, AS AMENDED.

THIS IS TO CERTIFY that *BRADLEYVILLE LIMITED*

A corporation organized, chartered or incorporated under the laws of *The British Virgin Islands*,

which commenced existence on the *07th January, 1999*, and is presently domiciled in The British Virgin Islands, has applied to this office for transfer of permanent domicile to the Island of Nevis on the *07th day of October, 2010* and has made payment of the prescribed fee.

THIS IS TO CERTIFY FURTHER that the documentation presented in support thereof has been found to be in proper form.

THEREFORE BE IT KNOWN that the said corporation has made a permanent transfer of its domicile into Nevis effective as of the date below stated and shall have continued corporate existence in Nevis.

Given under my hand and Seal at Charlestown
This *07th day of October, 2010*

_____
Registrar of Companies



*62tNMjI3*          *No.37755*