# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY,<br><br>                    Plaintiff,<br><br>              v.<br><br>MORIS BERACHA; 4A STAR CORP.;<br>BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.;<br>DOBSON MANAGEMENT CORP.; EAST<br>COAST CONSULTANT CORP.; FRACTAL<br>FUND MANAGEMENT LTD.; FRACTAL<br>FACTORING FUND; FRACTAL L HOLDING<br>LTD.; FRACTAL P. HOLDING LTD.;<br>FRACTAL FACTORING II; HERMITAGE<br>CONSULTANTS INC.; LA SIGNORIA<br>ASSETS CORP.; NETVALUE STRATEGY,<br>S.A.; NORTHWESTERN INTERNATIONAL,<br>LTD.; ROWBERROW TRADING CORP.; and<br>SUNNY SERVICES CORP.,<br><br>                    Defendants. | Case No. 12-CV-00180-SRU |

## DECLARATION OF MICHAEL S. GORDON

      **MICHAEL S. GORDON**, declares the following to be true pursuant to 28 U.S.C. § 1746:

      1.    I am a member of the law firm of Katten Muchin Rosenman LLP, attorneys for Defendant, Bradleyville Ltd. ("Bradleyville"). I make this affidavit in support of Bradleyville's motion, pursuant to Rules 12(b)(2), (3) and (5) of the Federal Rules of Civil Procedure, to dismiss the complaint filed by John J. Carney (the "Receiver"), in his capacity as Receiver to The Michael Kenwood Group, LLC and certain affiliated entities, dated

84602222

February 3, 2012, on the grounds of insufficient service of process, lack of personal jurisdiction, and improper venue.

2. Annexed hereto as Exhibit A is a true and correct copy of a letter from Commonwealth Trust Limited to SCA Creque, dated February 29, 2012.

3. Annexed hereto as Exhibit B is a true and correct copy of a letter from SCA Creque to Commonwealth Trust Limited, dated March 1, 2012.

4. Annexed hereto as Exhibit C is Part X of the BVI Business Companies Act of 2004, which includes Section 184(5)(d) regarding service of process on a company that was formerly domiciled in the BVI.

5. Annexed hereto as Exhibit D is a true and correct copy of the correspondence from Commonwealth Trust Limited to SCA Creque, dated March 13, 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of May, 2012.

_____
Michael S. Gordon

# EXHIBIT A

# Commonwealth Trust Limited

P.O. Box 3321 • Road Town • Tortola • British Virgin Islands VG1110 • Tel. +1(284) 494-4541 • Fax +1(284) 494-3016 • info@ctl.vg

**By Hand**

29 February 2012

SCA Creque
Mandar House
Johnson's Ghut
Road Town
Tortola
British Virgin Islands

Dear Sirs,

Re: <u>Northwestern International Ltd.; Bradleyville Limited (collectively referred to as "the companies")</u>

The enclosed legal documents were served on our offices as registered agent for the captioned companies.

Please be advised that our professional relationship with these companies was terminated from August 2010, and October 2010 respectively, when the companies were transferred out of the jurisdiction.

We therefore have no authority to accept service of the enclosed documents which are hereby returned to you.

Yours sincerely,

Mary Kpon Koon
**Compliance Officer**

# EXHIBIT B



SCA Creque
Mandar House
Johnson's Ghut
PO Box 2344
Road Town
Tortola VG 1110
British Virgin Islands
T: +1 (284) 494 0075
F: +1 (284) 494 1596
www.scacreque.com

Commonwealth Trust Limited
PO Box 3321
Road Town
Tortola
British Virgin Islands
VG1110

Attention: Ms Mary Koon Koon

By hand and by email to: info@ctl.vg

1 March 2012

Dear Ms Koon Koon

**Northwestern International Limited / Bradleyville Limited (the "Companies")**

We refer to your letter of today's date with enclosures (the "Legal Documents").

We take issue with your statement that Commonwealth Trust Limited has no authority to accept service on behalf of the Companies. Although the Registrar issued certificates of discontinuance in respect of the Companies, section 184(5)(d) of the Business Companies Act 2004 (the "Act") provides that:

> "Where a company is continued under the laws of a jurisdiction outside the Virgin Islands service of process may continue to be effected on the registered agent of the company in the Virgin Islands in respect of any claim, debt, liability or obligation of the company during its existence as a company under this Act."

Accordingly, in our opinion, service of the Legal Documents was effected on Commonwealth Trust Limited (the Companies' last registered agent in the Virgin Islands prior to continuation outside the Virgin Islands) on 27 February 2012.

Please let us know if you would like us to return the Legal Documents to you.

Yours faithfully

*SCA Creque*

SCA Creque
James.dixon@scacreque.com

# EXHIBIT C

VIRGIN ISLANDS

No. 16 of 2004

THE BVI BUSINESS COMPANIES ACT, 2004

Based on the BVI Business Companies Act, 2004 (No. 16 of 2004) and amendments made by the BVI Business Companies (Amendment) Act, 2005 (No. 26 of 2005) ("26/2005"), both as revised under the Statute Revision Act, 2005 (No. 25 of 2005), and amendments subsequently made by the BVI Business Companies Act, 2006 (No. 12 of 2006) ("12/2006"), the BVI Business Companies (Amendment of Schedules) Order, 2006 (Statutory Instrument No. 84 of 2006) ("S.I. 84/2006"), the BVI Business Companies (Amendment of Schedules) Order, 2007 (Statutory Instrument No. 44 of 2007) ("S.I. 44/2007") and the BVI Business Companies (Amendment of Schedules) (No. 2) Order, 2007 (Statutory Instrument No. 80 of 2007) ("S.I. 80/2007").

**Important**

This is an <u>unofficial</u> version of the BVI Business Companies Act as amended and then revised under the Statute Revision Act, 2005 (No. 25 of 2005) and then subsequently amended. Whilst every effort has been made to ensure correctness, no responsibility is assumed for any errors which may appear.

Harney, Westwood & Riegels
Craigmuir Chambers
P.O. Box 71
Road Town
Tortola
British Virgin Islands

January 2008

iManBVI01DB_1606422_1.DOC

(8) Where the Court makes an order with respect to a company under this section, sections **169** to **179** shall not apply to the company.

(9) A company that contravenes subsection (5) commits an offence and is liable on summary conviction to a fine of $5,000.

## PART X

## CONTINUATION

Foreign company may continue under this Act.
26/2005

**180.** (1) Subject to subsection (2), a foreign company may continue as a company incorporated under this Act in accordance with this Part if the laws of the jurisdiction in which it is registered permit it to continue in another jurisdiction, including the Virgin Islands.

(2) A foreign company may not continue as a company incorporated under this Act if

26/2005

(a) it is in liquidation, or subject to equivalent insolvency proceedings, in another jurisdiction;

(b) a receiver or manager has been appointed in relation to any of its assets;

(c) it has entered into an arrangement with its creditors, that has not been concluded; or

(d) an application made to a Court in another jurisdiction for the liquidation of the company or for the company to be subject to equivalent insolvency proceedings has not been determined.

Application to continue under this Act.

**181.** (1) An application by a foreign company to continue under this Act shall be made by filing

(a) a certified copy of its certificate of incorporation, or such other document as evidences its incorporation, registration or formation;

(b) a memorandum and articles complying with subsections (2) and (3);

(c) evidence satisfactory to the Registrar that the application to continue and the proposed memorandum and articles have been approved

(i) by a majority of the directors or the other persons who are charged with exercising the powers of the company, or

(ii) in such other manner as may be established by the company for exercising the powers of the company; and

26/2005         (d)   evidence satisfactory to the Registrar that the company is not disqualified from continuing in the Virgin Islands under section **180**.

    (2)   Subject to subsection (3), the memorandum of a company continuing under this Act shall comply with section **9**.

    (3)   The memorandum of a company applying to continue under this Act

        (a)   shall, in addition to the matters required to be stated under section **9**, state

            (i)   the name of the company at the date of the application and the name under which it proposes to be continued,

            (ii)   the jurisdiction under which it is incorporated, registered or formed, and

            (iii)   the date on which it was incorporated, registered or formed; and

26/2005         (b)   shall state the matters specified in section 9(2).

    (4)   The memorandum and articles of a company applying to continue under this Act, shall be signed by, or on behalf of, the persons who have approved them under subsection (1)(c).

Continuation.   **182.**   (1)   If he is satisfied that the requirements of this Act in respect of continuation have been complied with, upon receipt of the documents specified in section **181**(1), the Registrar shall

        (a)   register the documents;

        (b)   allot a unique number to the company; and

26/2005         (c)   issue a certificate of continuation in the approved form to the company.

    (2)   A certificate of continuation issued by the Registrar under subsection (1) is conclusive evidence that

        (a)   all the requirements of this Act as to continuation have been complied with; and

        (b)   the company is continued as a company incorporated under this Act under the name designated in its memorandum on the date specified in the certificate of continuation.

.2/2006    (3) Notwithstanding the provisions of section 180 and this section, the Registrar may refuse to continue a foreign company under this Part if he is of the opinion that it would be contrary to the public interest to do so.

Effect of continuation.

183. (1) When a foreign company is continued under this Act,

    (a) this Act applies to the company as if it had been incorporated under section 7 after the commencement date;

    (b) the company is capable of exercising all the powers of a company incorporated under this Act;

    (c) the company is no longer to be treated as a company incorporated under the laws of a jurisdiction outside the Virgin Islands; and

    (d) the memorandum and articles filed under section 181(1) become the memorandum and articles of the company.

(2) The continuation of a foreign company under this Act does not affect

    (a) the continuity of the company as a legal entity; or

    (b) the assets, rights, obligations or liabilities of the company.

(3) Without limiting subsection (2),

    (a) no conviction, judgement, ruling, order, claim, debt, liability or obligation due or to become due, and no cause existing, against the company or against any member, director, officer or agent thereof, is released or impaired by its continuation as a company under this Act; and

    (b) no proceedings, whether civil or criminal, pending at the time of the issue by the Registrar of a certificate of continuation by or against the company, or against any member, director, officer or agent thereof, are abated or discontinued by its continuation as a company under this Act, but the proceedings may be enforced, prosecuted, settled or compromised by or against the company or against the member, director, officer or agent thereof, as the case may be.

(4) All shares in the company that were outstanding prior to the issue by the Registrar of a certificate of continuation shall be deemed to have been issued in conformity with this Act.

Continuation under foreign law.

184. (1) Subject to its memorandum or articles, a company for which the Registrar would issue a certificate of good standing pursuant to section 235(1) may, by a resolution of directors or by a resolution of members, continue as a company incorporated under the laws of a jurisdiction outside the Virgin Islands in the manner provided under those laws.

|        | |
|---|---|
|          | (2)   A company that continues as a company incorporated under the laws of jurisdiction outside the Virgin Islands does not cease to be a company incorporated under this Act unless the laws of the jurisdiction outside the Virgin Islands permit the continuation and the company has complied with those laws. |
| 26/2005  | (3)   The registered agent of a company that continues as a company incorporated under the laws of a jurisdiction outside the Virgin Islands may file a notice of the company's continuance in the approved form. |
| 26/2005  | (4)   If the Registrar is satisfied that the requirements of this Act in respect of the continuation of a company under the laws of a foreign jurisdiction have been complied with, he shall |

        (a)   issue a certificate of discontinuance of the company in the approved form;

        (b)   strike the name of the company off the Register of Companies with effect from the date of the certificate of discontinuance; and

        (c)   publish the striking off of the Company in the *Gazette*.

|        | |
|---|---|
| 26/2005  | (4A)   A certificate of discontinuance issued under subsection (4) is prima facie evidence that |

        (a)   all the requirements of this Act in respect of the continuation of a company under the laws of a foreign jurisdiction have been complied with; and

        (b)   the company was discontinued on the date specified in the certificate of discontinuance.

(5)   Where a company is continued under the laws of a jurisdiction outside the Virgin Islands

        (a)   the company continues to be liable for all of its claims, debts, liabilities and obligations that existed prior to its continuation as a company under the laws of the jurisdiction outside the Virgin Islands;

        (b)   no conviction, judgement, ruling, order, claim, debt, liability or obligation due or to become due, and no cause existing, against the company or against any member, director, officer or agent thereof, is released or impaired by its continuation as a company under the laws of the jurisdiction outside the Virgin Islands;

    (c)    no proceedings, whether civil or criminal, pending by or against the company, or against any member, director, officer or agent thereof, are abated or discontinued by its continuation as a company under the laws of the jurisdiction outside the Virgin Islands, but the proceedings may be enforced, prosecuted, settled or compromised by or against the company or against the member, director, officer or agent thereof, as the case may be; and

    (d)    service of process may continue to be effected on the registered agent of the company in the Virgin Islands in respect of any claim, debt, liability or obligation of the company during its existence as a company under this Act.

26/2005

## PART XA

### MEMBERS' REMEDIES

Interpretation for this Part.

**184A.** In this Part, "member", in relation to a company, means

    (a)    a shareholder or a personal representative of a shareholder;

    (b)    a guarantee member of a company limited by guarantee; or

    (c)    an unlimited member of an unlimited company.

Restraining or compliance order.

**184B.** (1) If a company or a director of a company engages in, or proposes to engage in, conduct that contravenes this Act or the memorandum or articles of the company, the Court may, on the application of a member or a director of the company, make an order directing the company or director to comply with, or restraining the company or director from engaging in conduct that contravenes, this Act or the memorandum or articles.

(2) If the Court makes an order under subsection (1), it may also grant such consequential relief as it thinks fit.

(3) The Court may, at any time before the final determination of an application under subsection (1), make, as an interim order, any order that it could make as a final order under that subsection.

Derivative actions.

**184C.** (1) Subject to subsection (3), the Court may, on the application of a member of a company, grant leave to that member to

# EXHIBIT D

# Commonwealth Trust Limited

P.O. Box 3321 • Road Town • Tortola • British Virgin Islands VG1110 • Tel. +1(284) 494-4541 • Fax +1(284) 494-3016 • info@ctl.vg

13 March 2012

SCA Creque
Mandar House
Johnson's Ghut
Road Town
Tortola
British Virgin Islands

Attention: Mr. James Dixon

**By Hand and E-mail to: James.dixon@scacreque.com**

Dear Sirs,

Re: **Northwestern International Ltd.; Bradleyville Limited (collectively referred to as "the companies")**

Your correspondence of 1 March 2012 refers.

We note your reference to section 184(5)(d) of the Business Companies Act 2004 ("the Act") and we also note that as a matter of construction the provision is permissive as it relates to service.

We reiterate our position that our professional relationship with these companies was terminated from 2010, and in the absence of any relationship with the Company, we maintain our position to not accept service of any documents on their behalf.

Yours sincerely,

Mary Koon Koon
**Compliance Officer**