UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER,<br><br>               Plaintiff,<br><br>v.<br><br>MORIS BERACHA; 4A STAR CORP.; BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.; DOBSON MANAGEMENT CORP.; EAST COAST CONSULTANT CORP.; FRACTAL FUND MANAGEMENT LTD.; FRACTAL L HOLDING LTD.; FRACTAL P HOLDING LTD.; HERMITAGE CONSULTANTS INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; and ROWBERROW TRADING CORP.,<br><br>               Defendants. | Case No. 12-CV-00180-SRU |

### DECLARATION OF SEAMUS RONALD ANDREW

I, SEAMUS RONALD ANDREW, declare pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Managing Partner of SCA Creque, a law firm of the Territory of the Virgin Islands. I was admitted to practice as a barrister and a solicitor of the Eastern Caribbean Supreme Court in the Territory of the Virgin Islands on 7 July 2009. I was admitted to the bar of England and Wales in February 1991 and as a Solicitor of the Supreme Court (now the Senior Courts) of England and Wales in October 2004.

2. I make this affidavit in the above-captioned matter of *John Carney v. Morris Beracha et al.* brought in the United States District Court for the District of

|   |   |
|---|---|
|   | Connecticut ("the District Court") under case number 3:12-CV-00180-SRU ("the Proceedings"). |
| 3. | On 24 May 2012, Bradleyville Ltd. ("the Company"), one of the defendants to the Proceedings, filed a Motion to Dismiss the Proceedings ("the Motion"). The Company was incorporated in the Territory of the Virgin Islands on 7 January 1999 and subsequently continued under the laws of Nevis in or about October 2010. |
| 4. | This declaration is made in support of the opposition to the Motion of John J. Carney, in his capacity as receiver to Michael Kenwood Group, LLC and certain affiliated entities ("the Receiver"). |
| 5. | I make this declaration from knowledge obtained by me during the period of SCA Creque's instruction. Where the information is within my own knowledge it is true; where it is not within my own knowledge, it is true to the best of my knowledge, information and belief. Nothing in this affidavit is to be construed as waiving privilege in any client/attorney communications and reference to such communications in this declaration are solely for the purpose of informing the Court of the circumstances and events connected with the Proceedings and the Motion. |
| 6. | There is now produced and shown to me and exhibited hereto marked "Exhibit 1" a bundle of documents to which I shall refer in this declaration. References in this declaration to page numbers are to pages from Exhibit 1. |
| 7. | On 21 February 2012, SCA Creque was instructed by the Receiver to serve the Complaint and Summons relating to the Proceedings ("the Documents") on the Company. On or about 27 February 2012, SCA Creque instructed SCA Creque's process server, Mr. Gregory Leacock, to serve the Documents on the Company by leaving them at the offices of the Company's registered agent in the Virgin Islands, Commonwealth Trust Limited (Commonwealth). |
| 8. | On 27 February 2012, Mr. Leacock left the Documents with Commonwealth under cover of a letter from SCA Creque addressed to the Company dated 27 February 2012. The covering letter included a section at its foot for an acknowledgment of service of the Documents.  Ms. Julia Chase of Commonwealth accepted service of the Documents on behalf of the Company on 27 February 2012 and duly completed and signed the acknowledgment of service. The covering letter, including the completed acknowledgment of service, appears at pages 1 to 2 of Exhibit 1. Mr. Leacock's sworn affidavit of service appears at page 3 of Exhibit 1. |
| 9. | On 29 February 2012, Commonwealth wrote to SCA Creque stating, inter alia, that the Company had been transferred out of the Virgin Islands in October 2010 and that consequently Commonwealth were not authorised to accept service of the |

    Documents on behalf of the Company. A copy of this letter appears at page 4 of Exhibit 1.

10. On 1 March 2012, this firm responded to Commonwealth's letter of 29 February 2012. A copy of that letter appears at page 5 of Exhibit 1.

11. Section 101 (1) of the Business Companies Act 2004 ("the Act") states:

> *"Service of a document may be effected on a company by addressing the document to the company and leaving it at, or sending it by a prescribed method to (a) the company's registered office; or (b) the office of the company's registered agent"*

12. Section 184 (5) of the Act states:

> *"Where a company is continued under the laws of a jurisdiction outside the Virgin Islands: . . . (d) service of process may continue to be effected on the registered agent of the company in the Virgin Islands in respect of any claim, debt, liability or obligation of the company during its existence as a company under this Act."*

13. Accordingly, as a matter of Virgin Islands law:

  i. Service of legal process was lawfully effected on the Company by Mr. Leacock on 27 February 2012 when he left the Documents at Commonwealth's office in the Territory of the Virgin Islands; and

  ii. Commonwealth was at all material times and remains an entity through which a third party is permitted to serve legal process on the Company.

14. The fact that the Company has been transferred out of the jurisdiction does not alter this position. Such circumstances are envisaged by section 184(d) of the Act which clearly provides that a company which transfers out of the territory of the Virgin Islands retains liability for any obligations existing at that point and that in respect of such obligations its former registered agent may still be served with legal process.

15. The Motion refers to the Company's alleged "election" to be served in Nevis in relation to its pre-October 7 2010 liabilities. The alleged election was made in an application to the Nevis Registrar of Offshore Companies and Trusts to have the Company registered as a Nevis company. As a matter of Virgin Islands law, the alleged election cannot affect the legal position in the Virgin Islands in relation to service. In addition, I observe that the alleged election does not even purport on its face to exclude the possibility of service in the Virgin Islands.

16. In summary, it is my opinion that the Documents were lawfully served on the Company on 27 February 2012 as a matter of the laws of the Territory of the Virgin Islands. The contrary position, as adopted by the Company in the Motion, is completely untenable as a matter of Virgin Islands law.

Executed on July 26, 2012
In London, England

_____
Seamus Ronald Andrew

**EXHIBIT 1**

Case 3:12-cv-00180-SRU   Document 88   Filed 07/27/12   Page 5 of 10



SCA Creque
Mandar House
Johnson's Ghut
PO Box 2344
Road Town
Tortola VG 1110
British Virgin Islands
T: +1 (284) 494 0075
F: +1 (284) 494 1506
www.scacreque.com

Bradleyville Limited ("**Company**")
c/o Commonwealth Trust Ltd
Palm Grove House
4th Floor
Road Town
Tortola
British Virgin Islands
VG1110

**BY HAND**

27 February 2012

Dear Sirs

**John J. Carney v. Moris Beracha,** *et al*, Civil Case No. 3:12-CV-00180-SRU

We act as agents for Baker & Hostetler LLP, counsel for John J. Carney Esq., as receiver for Highview Point Partners LLC.

We enclose the following documents by way of service on the Company ("**Documents**"):

- Complaint, dated 3 February 2012 together with exhibits;

- Order on Pretrial Deadlines, filed 3 February 2012;

- Electronic Filing Order, filed before the United States District Court for the District of Connecticut, dated 3 February 2012;

- Notice to Counsel and Pro Se Parties, filed 6 February 2012; and

- Summons in a Civil Case, dated 6 February 2012.

1

We should be grateful if you would complete and sign the form below acknowledging service of the Documents.

Yours faithfully

*SCA Creque*

SCA Creque

Enc

## ACKNOWLEDGMENT OF SERVICE

I, the undersigned, JULIA CHASE do hereby accept service of the Documents on behalf of the Company at 2:34 p.m. on 27 February 2012.

Signed: _____

2



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
CASE NUMBER: 3:12-CV-00180-SRU

JOHN J. CARNEY

**Plaintiff**

- v -

MORIS BERACHA, ET AL.,

**Defendants**

### AFFIDAVIT OF SERVICE

**I, GREG NICOLAS DeANGELO LEACOCK** of Todman's Peak, Tortola, in the British Virgin Islands (**"BVI"**) **make oath and state as follows:**

1. I am employed by the law firm of SCA Creque of Mandar House, Johnson's Ghut, PO Box 2344, Road Town, Tortola VG1110, BVI. I am authorized to make this affidavit.

2. On 27 February 2012 at about 2:34 p.m., I did serve copies of the following documents (**"Documents"**) on Bradleyville Limited by leaving the Documents at the offices of the Registered Agent of Bradleyville Limited in the BVI:

   - Complaint, dated 3 February 2012 together with exhibits;
   - Order on Pretrial Deadlines, filed 3 February 2012;
   - Electronic Filing Order, filed before the United States District Court for the District of Connecticut, dated 3 February 2012;
   - Notice to Counsel and Pro Se Parties, filed 6 February 2012; and
   - Summons in a Civil Case, dated 6 February 2012.

3. The Documents were received and signed for by Julia Chase in person and who accepted the Documents upon Bradleyville Limited's behalf.

4. I make this affidavit truthfully and voluntarily.

SWORN on 06 March 2012         )
at Road Town, Tortola, BVI      )
Before me:                      )
                                )
..................              )   ..................
A Commissioner for Oaths            **GREG NICOLAS DeANGELO LEACOCK**
Road Town, Tortola, BVI

3

# Commonwealth Trust Limited

P.O. Box 3321 • Road Town • Tortola • British Virgin Islands VG1110 • Tel. +1(284) 494-4541 • Fax +1(284) 494-3016 • info@ctl.vg

**By Hand**

29 February 2012

SCA Creque
Mandar House
Johnson's Ghut
Road Town
Tortola
British Virgin Islands

Dear Sirs,

Re: <u>Northwestern International Ltd.; Bradleyville Limited (collectively referred to as "the companies")</u>

The enclosed legal documents were served on our offices as registered agent for the captioned companies.

Please be advised that our professional relationship with these companies was terminated from August 2010, and October 2010 respectively, when the companies were transferred out of the jurisdiction.

We therefore have no authority to accept service of the enclosed documents which are hereby returned to you.

Yours sincerely,

Mary Koon Koon
**Compliance Officer**

4



SCA Creque
Mandar House
Johnson's Ghut
PO Box 2344
Road Town
Tortola VG 1110
British Virgin Islands
T: +1 (284) 494 0075
F: +1 (284) 494 1596
www.scacreque.com

Commonwealth Trust Limited
PO Box 3321
Road Town
Tortola
British Virgin Islands
VG1110

Attention: Ms Mary Koon Koon

By hand and by email to: info@ctl.vg

1 March 2012

Dear Ms Koon Koon

**Northwestern International Limited / Bradleyville Limited (the "Companies")**

We refer to your letter of today's date with enclosures (the "Legal Documents").

We take issue with your statement that Commonwealth Trust Limited has no authority to accept service on behalf of the Companies. Although the Registrar issued certificates of discontinuance in respect of the Companies, section 184(5)(d) of the Business Companies Act 2004 (the "Act") provides that:

> "Where a company is continued under the laws of a jurisdiction outside the Virgin Islands service of process may continue to be effected on the registered agent of the company in the Virgin Islands in respect of any claim, debt, liability or obligation of the company during its existence as a company under this Act."

Accordingly, in our opinion, service of the Legal Documents was effected on Commonwealth Trust Limited (the Companies' last registered agent in the Virgin Islands prior to continuation outside the Virgin Islands) on 27 February 2012.

Please let us know if you would like us to return the Legal Documents to you.

Yours faithfully

*SCA Creque*

SCA Creque
James.dixon@scacreque.com

5