UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER, FOR HIGHVIEW POINT PARTNERS, LLC; MICHAEL KENWOOD GROUP, LLC; MK MASTER INVESTMENTS LP; MK INVESTMENTS, LTD.; MK OIL VENTURES LLC; MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC; MICHAEL KENWOOD ASSET MANAGEMENT, LLC; MK ENERGY AND INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL KENWOOD CONSULTING, LLC; MK INTERNATIONAL ADVISORY SERVICES, LLC; MKG-ATLANTIC INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MK CAPITAL MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND I, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MORIS BERACHA; 4A STAR CORP.; BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.; DOBSON MANAGEMENT CORP.; EAST COAST CONSULTANT CORP.; FRACTAL FUND MANAGEMENT LTD.; FRACTAL L HOLDING LTD.; FRACTAL P. HOLDING LTD.; HERMITAGE CONSULTANTS INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; and ROWBERROW TRADING CORP., <br><br> Defendants. | Civil # 3:12-CV-00180 |

**AFFIDAVIT OF DI CONG JIANG**

STATE OF NEW YORK )
               ) ss.:
COUNTY OF NEW YORK )

The undersigned, being duly sworn, deposes and says:

1. I, DI CONG JIANG, am over the age of eighteen years, am fully competent to make this affidavit, and fully understand the nature and obligations of an oath. I am not a party to this action. I submit this affidavit based upon my personal knowledge of the facts asserted herein.

2. I am employed by Serving by Irving ("SBI"), a process service company licensed by the New York State Department of State, Division of Licensing Services, License No. 1100007935. I am a licensed process server bearing License No. 1220800.

3. On February 15, 2012, Baker & Hostetler LLP requested that SBI serve Mr. Moris Beracha in the above-captioned action at his residence in New York City, New York: 845 United Nations Plaza, New York, New York 10017, Unit 80B and/or Unit 36A.

4. On February 16, 2012 at 10:45 a.m., I went to the residence of Mr. Beracha in New York City and spoke with the doorman/concierge ("Doorman 1") at his building. Doorman 1 confirmed that Moris Beracha resides in this building. He called up but there was no answer and he told me to try again later in the evening.

5. Later in the evening of February 16, 2012 at 8:50 p.m., I returned to the residence of Mr. Beracha in New York City and spoke with a different doorman/concierge ("Doorman 2"). At that time, Doorman 2 called upstairs to Unit 80B but there was no answer. He stated that Mr. Beracha lived in unit 80B but he had not seen him for a while and had not seen his wife or kids in about a week.

6. Doorman 2 also advised that Mr. Beracha had previously lived in apartment 36A but moved to apartment 80B a few years ago.

7. When I returned to the residence of Mr. Beracha in New York City on the morning of February 17, 2012 at 8:45 a.m. to 9:15 a.m., Doorman 3 stated that nobody was currently home in Mr. Beracha's apartment. He called upstairs and said there was no answer. He further stated that he can not answer any of my questions.

8. During the weekend of February 18, 2012 at 5:00 p.m., I returned to the residence of Mr. Beracha in New York City. At that time, the doorman on duty called upstairs and stated that there was no answer. He refused to answer any further questions about Mr. Beracha.

9. On February 22, 2012 at 9:10 a.m., I returned to the residence of Mr. Beracha in New York City, the doorman on duty did not allow me access to Mr. Beracha's unit, 80B. At that time, a true copy of the i) Summons in a Civil Case, ii) Complaint, iii) Order on

Pretrial Deadlines, iv) Electronic Filing Order, and iv) Notice to Counsel were served on Mr. Adam Shaw, the concierge, at 9:20 AM.

10. On February 22, 2012, at 5:00 p.m., true and accurate copies of the documents listed in paragraph 9 were enclosed in a first class post paid envelope properly addressed to Mr. Beracha and deposited in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

11. Attached hereto are the Global Positioning System location – or GPS coordinates which are required by law for every New York City licensed process servers to carry and operate while serving process.

DI CONG JIANG
LICENSE NO. 1220800

Sworn to before me this
18th day of July, 2012

Notary Public

JOHN DICANIO
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC. #01DI4977768
COMMISSION EXPIRES 2/11/2015



GPS/Cellular Date/Time: 2/16/12 10:47 AM EST

Device Date/Time: 2012:02:16 10:47:57

GPS: 40/1,45/1,12835/1000 N, 73/1,58/1,16982/1000 W

APPX: 40.7535653 / -73.9717241

Accuracy: 500.0 Meters

Lock Type: NETWORK







