UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER,<br><br>       Plaintiff,<br><br>    v.<br><br>MORIS BERACHA; 4A STAR CORP.; BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.; DOBSON MANAGEMENT CORP.; EAST COAST CONSULTANT CORP.; FRACTAL FUND MANAGEMENT LTD.; FRACTAL L HOLDING LTD.; FRACTAL P. HOLDING LTD.; HERMITAGE CONSULTANTS INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; and ROWBERROW TRADING CORP.,<br><br>       Defendants. | Case No. 12-CV-00180-SRU<br><br><br><br><br><br><br><br><br><br><br><br><br><br>September 21, 2012 |

**DEFENDANT, BRADLEYVILLE LTD.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR INSUFFICIENT SERVICE
OF PROCESS, LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

| | |
|---|---|
| LAW OFFICES OF JEFFREY HELLMAN, LLC<br>195 Church Street, 10th Floor<br>New Haven, CT 06510<br>Tel:  203.691.8762<br>Fax: 203.823.4401<br>Jeffrey Hellman (ct04102)<br>jeff@jeffhellmanlaw.com | KATTEN MUCHIN ROSENMAN, LLP<br>575 Madison Avenue<br>New York, New York 10022<br>Tel:  212.940.8800<br>Fax: 212.940.8876<br>Howard E. Cotton (phv05402)<br>Michael S. Gordon (phv05403)<br>howard.cotton@kattenlaw.com<br>michael.gordon@kattenlaw.com |

*Attorneys for Defendant, Bradleyville Ltd.*

84616513

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ........................................................................................................................................1

I.     THE RECEIVER DID NOT PROPERLY SERVE BRADLEYVILLE UNDER BVI LAW AND IS NOT ENTITLED TO MORE TIME TO EFFECT SERVICE ....................................................1

II.    NOTWITHSTANDING HIS AMENDED PLEADING, THE RECEIVER STILL HAS FAILED TO MEET HIS *PRIMA FACIE* BURDEN OF ESTABLISHING PERSONAL JURISDICTION OVER BRADLEYVILLE UNDER THE FEDERAL RECEIVERSHIP STATUTES OR ANY LONG-ARM STATUTE ............................................................3

        A.     The Allegations of the Amended Complaint Still Do Not Establish a Basis for Asserting Personal Jurisdiction Over Bradleyville Under the Federal Receivership Statutes .................................4

        B.     The Receiver Has Failed to Establish that Bradleyville is Subject to Personal Jurisdiction Under New York's or Florida's Long-Arm Statutes ..............................................6

        C.     The Receiver's Agency and Alter-Ego Allegations Are Insufficient to Subject Bradleyville to Personal Jurisdiction Under Connecticut's Long-Arm Statutes ..........................................8

III.   THIS COURT SHOULD DENY THE RECEIVER'S ALTERNATIVE REQUEST TO TAKE JURISDICTIONAL DISCOVERY ...........................................10

CONCLUSION ..................................................................................................................................11

# **TABLE OF AUTHORITIES**

**CASES**

A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines,
  No. 10-CV-5464 (ADS)(ARL), 2011 WL 6130149 (E.D.N.Y. Dec. 9, 2011) ...................... 10

Cerberus Capital Mgmt., L.P. v. Snelling & Snelling, Inc.,
  No. 60045/2005, 2005 WL 4441899 (Supr. Ct. N.Y. County Dec. 19, 2005) ....................... 7

Davenport v. Quinn,
  53 Conn. App. 282 (1999) ................................................................................................... 9

Greene v. Sha-Na-Na,
  637 F. Supp. 591 (D. Conn. 1986) ...................................................................................... 9

Haile v. Henderson Nat'l Bank,
  657 F.2d 816 (6th Cir. 2004) ............................................................................................... 4

La Reunion Française, S.A. v. La Costeña,
  818 So.2d 657 (Fla. Dist. Ct. App. 2002) ........................................................................ 7, 8

Langenberg v. Sofair,
  No. 03 CV 8339, 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006) ........................................ 10

LucidRisk LLC v. Ogden,
  615 F. Supp. 2d 1 (D. Conn. 2009) ..................................................................................... 9

Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.,
  No. 10-CV-1777 (ADS)(AKT), 2011 WL 381612 (E.D.N.Y. Feb. 2, 2011) ......................... 7

NewMarkets Partners LLC v. Oppenheim,
  638 F. Supp. 2d 394 (S.D.N.Y. 2009) ................................................................................ 7

SEC v. Bilzerian,
  378 F.3d 1100 (D.C. Cir. 2004) .......................................................................................... 5

SEC v. Ross,
  504 F.3d 1130 (9th Cir. 2007) ......................................................................................... 5, 6

Steinberg v. Bombardier Trust,
  Nos. 07 Civ. 1212 (WHP), 07 Civ. 1217 (WHP),
  2008 WL 2787720 (S.D.N.Y. July 9, 2008) ............................................................... 4, 5, 6

Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,
  447 F.2d 1357 (11th Cir. 2006) ........................................................................................... 8

Sun Trust Bank v. Sun Int'l Hotels Ltd.,
  184 F. Supp. 2d 1246 (S.D. Fla. 2001) ............................................................................... 8

Teta v. Li,
    Civ. No 3:02CV2183(JCH), 2005 WL 1668093 (D. Conn. July 15, 2005) ......................... 2, 3

Travers Tool Co., Inc. v. So. Overseas Express Line, Inc.,
    No. 98 CV 8464(RO), 2000 WL 194781 (S.D.N.Y. Feb. 17, 2000) ........................................ 3

Weber v. Fujifilm Med. Sys. U.S.A., Inc.,
    Civ. No. 3:10CV401(JBA), 2011 WL 446895 (D. Conn. Feb. 4, 2011) ................................. 9

Wellner v. Kasarjian,
    No. CV 96562940, 1999 WL 241737 (Conn. Super. Ct. Apr. 6, 1999) ............................... 8, 9

Yellowave Corp. v. Mana,
    No. 00 CIV. 2267 SAS, 2000 WL 1508249 (S.D.N.Y. Oct. 11, 2000) .................................. 3

**FEDERAL STATUTES**

28 U.S.C. § 754 ............................................................................................................... 4, 5, 6

28 U.S.C. § 1692 .................................................................................................................. 4, 5

**FEDERAL RULES**

Fed. R. Civ. P. 4(h) .................................................................................................................. 2

Fed. R. Civ. P. 4(m) ................................................................................................................. 3

Fed. R. Civ. P. 12(b)(5) ............................................................................................................ 3

**STATE STATUTES**

C.G.S. § 33-929(e) ................................................................................................................... 9

Fla. Stat. § 48.193(2) ............................................................................................................... 7

N.Y. Civ. Prac. L. & R. § 302(a)(4) ......................................................................................... 7

**FOREIGN STATUTES**

BVI Business Companies Act of 2004 § 184(5)(d) ................................................................ 2

**PRELIMINARY STATEMENT**

Much like the Receiver's deficient original pleading, his First Amended Complaint dated June 11, 2012 (the "Am. Compl.") and his opposition papers ("Rec. Opp.") similarly fail to make a *prima facie* showing of personal jurisdiction over defendant, Bradleyville, under the federal receivership statutes and/or the long-arm statutes of Florida, New York or Connecticut. For this very reason, Bradleyville (and the other Moving Defendants) elected to press their original motion against the Receiver's amended pleading. As demonstrated below and in Bradleyville's moving brief, the Amended Complaint, like its predecessor, fails to allege the existence of *any* receivership property in the United States, and fails to allege *any* contacts, no less the requisite minimum contacts, between Bradleyville and the United States. However, the Court need not even reach these jurisdictional issues because, as explained below, the Receiver has neither effected valid service on Bradleyville nor demonstrated the requisite good cause for his seven-month continuing failure to remedy his prior insufficient service. Finally, the Receiver's alternative request to take jurisdictional discovery should be denied because the Receiver already is in possession of an abundance of information regarding jurisdiction, and additional discovery would constitute nothing more than an unwarranted fishing expedition.

**ARGUMENT**

**I.   THE RECEIVER DID NOT PROPERLY SERVE BRADLEYVILLE UNDER BVI LAW AND IS NOT ENTITLED TO MORE TIME TO EFFECT SERVICE**

In his opposition brief, the Receiver agrees that BVI law governs the issue of whether service properly was effected on Bradleyville and also does not dispute that: (i) Bradleyville changed its domicile to Nevis in October 2010; (ii) Bradleyville terminated its agency relationship with Commonwealth Trust Ltd. ("Commonwealth"), its former BVI registered agent, in October 2010; and (iii) based on such termination, Commonwealth refused to accept service of the Receiver's original complaint, on behalf of Bradleyville, in February 2012. (See Br. Mov. Br. at

10-16; Otero Decl. ¶¶ 9-11 and Exs. A, B and C thereto; Gordon Decl., Exs. A, B and D thereto.)[1] Nevertheless, the Receiver argues that, under the BVI's Business Companies Act ("BCA"), Bradleyville's former registered agent still may be served with legal process in the BVI for liabilities that allegedly arose prior to Bradleyville's change of domicile. In relying solely on Section 184(5)(d) of the BCA, the Receiver willfully ignores other provisions of the BCA that underscore Section 184(5)(d)'s clear inapplicability to Bradleyville. (See Br. Mov. Br. at 14-16.) As explained in the accompanying Declaration of Richard Gareth Evans dated September 20, 2012 (submitted herewith as Exhibit "3"), when it transferred its domicile to Nevis, Bradleyville ceased to be a "company" under the BCA. (See Evans Decl. ¶¶ 8-12.) Instead, Bradleyville became a "foreign company," which is subject to service in the BVI <u>only</u> if it is either (i) doing business within the BVI (whereby it is required to retain a registered agent there); or (ii) not doing business in the BVI, but has elected to engage a registered agent in the BVI. (See Evans Decl. ¶¶ 13-21.) Because Bradleyville is <u>not</u> doing business in the BVI, and, as argued in its moving brief, did <u>not</u> elect to continue its agency relationship with Commonwealth (see Otero Reply Decl. ¶ 7),[2] service upon Commonwealth was invalid under BVI law, and thus invalid under Fed. R. Civ. P. 4(h).

The Receiver argues that even if service on Bradleyville was insufficient, he should be afforded additional time to serve Bradleyville. (Rec. Opp. at 4-6.) However, the Receiver does not meet the "flexible due diligence standard" attendant to such an extension. See <u>Teta v. Li</u>, No. Civ.A. 3:02CV2183JCH, 2005 WL 1668093, at *3 (D. Conn. July 15, 2005). Indeed, there is no

---

[1] "Br. Mov. Br." refers to Defendant, Bradleyville Ltd.'s Memorandum of Law in Support of its Motion to Dismiss for Insufficient Service of Process, Lack of Personal Jurisdiction and Improper Venue, dated May 24, 2012; "Otero Decl." refers to Declaration of Luis Otero, dated May 23, 2012; and "Gordon Decl." refers to Declaration of Michael S. Gordon, dated May 24, 2012. (Dkt. No. 74 and Exs. 1 and 2 thereto.)

[2] "Otero Reply Decl." refers to the Reply Declaration of Luis Otero dated September 19, 2012, which is submitted herewith as Exhibit "4."

dispute that *seven months ago*: (i) Commonwealth returned the papers that the Receiver purported to serve it on Bradleyville's behalf two days after such service was attempted (Gordon Decl., Ex. A), and (ii) the Receiver was put on notice that Bradleyville no longer was domiciled, and no longer had a registered agent, in the BVI (id., Exs. A and D.)  Notwithstanding the foregoing, the Receiver has failed to make *any* showing, no less the "good cause" and "reasonable diligence" showings required under Fed. R. Civ. P. 4(m), for his failure to even attempt to serve Bradleyville in Nevis, despite the Receiver's longstanding knowledge of Bradleyville's transfer of domicile to that jurisdiction.[3]  See, e.g., Travers Tool Co., Inc. v. So. Overseas Express Line, Inc., No. 98 CV 8464(RO), 2000 WL 194781, at *2 (S.D.N.Y. Feb. 17, 2000).

The Receiver argues that even without a showing of good cause, this Court should still exercise its discretion and grant the Receiver more time to serve Bradleyville.  (Rec. Opp. 5-6.)  However, the cases cited by the Receiver (id.) are inapposite because the defects in service at issue were minor, and none involved an instance where, like here, the plaintiff immediately was informed that service was insufficient, yet did nothing to attempt to remedy the same.  Accordingly, given his lack of good cause or reasonable diligence, the Receiver should not be afforded an extension of time to serve Bradleyville and, instead, dismissal under Rule 12(b)(5) should be granted.

**II.   NOTWITHSTANDING HIS AMENDED PLEADING, THE RECEIVER STILL HAS FAILED TO MEET HIS *PRIMA FACIE* BURDEN OF ESTABLISHING PERSONAL JURISDICTION OVER BRADLEYVILLE UNDER THE FEDERAL RECEIVERSHIP STATUTES OR ANY LONG-ARM STATUTE**

Whereas the original complaint alleged virtually no contacts between Bradleyville and the United States, the "new" allegations in the Amended Complaint are conclusory and woefully

---

[3]  Further, it is well-settled in the Second Circuit that a defendant's receipt of notice of an action does not excuse a plaintiff's insufficient service.  (See Br. Mov. Br. at 16 n.4.)  Consistent with the foregoing, the Receiver's failure to demonstrate reasonable diligence in effecting service precludes consideration of whether Bradleyville suffered any prejudice as a result thereof.  See Teta, 2005 WL 1668093, at *3 and Yellowave Corp. v. Mana, No. 00 CIV. 2267 SAS, 2000 WL 1508249, at *2 (S.D.N.Y. Oct. 11, 2000).

insufficient to establish a *prima facie* case of personal jurisdiction over Bradleyville under either the receivership statutes, 28 U.S.C. §§ 754 and 1692, or the long-arm statutes of New York, Florida and Connecticut. Indeed, the sole bases for the Receiver's argument that Bradleyville is subject to this Court's personal jurisdiction are: (i) Bradleyville's ownership of an apartment in New York City, (ii) its (prior) maintenance of a bank account in Florida and (iii) Bradleyville's alleged transaction of business in Connecticut, which allegation is premised on an unavailing attempt to impute defendant Moris Beracha's alleged contacts with Connecticut to Bradleyville. The aforementioned "contacts" individually and cumulatively do not create a basis for asserting personal jurisdiction over Bradleyville, and the Receiver's vague and conclusory allegations of an agency or alter-ego relationship between defendants, Mr. Beracha and Bradleyville, are woefully insufficient to establish long-arm jurisdiction under well-settled Connecticut law.

   **A.** **The Allegations of the Amended Complaint Still Do Not Establish a Basis for Asserting Personal Jurisdiction Over Bradleyville Under the Federal Receivership Statutes**

Irrespective of whether the Receiver properly effected service on Bradleyville in the BVI, see *supra* Point I, there is no dispute that the Receiver has not effected service on Bradleyville *within the United States*, as expressly required under the receivership statutes, 28 U.S.C. §§ 754 and 1692. Indeed, Section 1692 provides that "[i]n proceedings in a district court where a receiver is appointed for property . . . situated in different districts, *process may issue and be executed in any such district* as if the property lay wholly within one district . . . (emphasis added). Consistent with the foregoing, in the Receiver's lead case, Haile v. Henderson National Bank, 657 F.2d 816, 825 (6th Cir. 2004), the Sixth Circuit construed the receivership statutes as providing for "*national* service of process, *i.e.*, *national* exercise of personal jurisdiction . . . based on presence of the defendant *in the United States* rather than any particular state" (emphasis added). See also Steinberg v. Bombardier Trust, Nos. 07 Civ. 1212(WHP), 07 Civ. 1217(WHP), 2008 WL 2787720,

at *3 (S.D.N.Y. July 9, 2008) (holding that Sections 754 and 1692 provide for national service of process and that personal jurisdiction could not be asserted over foreign defendants where service was effected outside the United States).[4]

In addition to failing to effect service of process over Bradleyville within the United States, the Receiver concedes that he has failed to identify *any* receivership property in Bradleyville's possession.[5] Nevertheless, the Receiver contends that such identification is unnecessary and that the only prerequisite for jurisdiction under the receivership statutes is filing the "proper documents" in districts where receivership property is "believed to be located." (Rec. Opp. at 12-13.) However, at best, the Receiver has established *in rem* jurisdiction over unspecified property that may (or may not) exist in these other jurisdictions. Indeed, filing the proper documents is merely "a stepping stone on [the court's] way to exercising *in personam* jurisdiction over" one who holds receivership assets in a remote district. See, e.g., SEC v. Bilzerian, 378 F.3d 1100, 1103 (D.C. Cir. 2004) and

---

[4] The Receiver misses the point in arguing that the Bombardier court did not address whether an appointing court could exercise personal jurisdiction over defendants present in another state or subject to the long-arm jurisdiction of other states. (Rec. Opp. at 15.) To clarify, the Bombardier court did a two-part analysis: first, it unambiguously held that there was no personal jurisdiction under the receivership statutes where, like here, service of process was effected on foreign defendants *outside* the United States. See 2008 WL 2787720, at *3-4. Then, after finding no personal jurisdiction under the receivership statutes, the Bombardier court considered New York's long-arm statute as an independent basis for jurisdiction, and concluded that it could not exercise personal jurisdiction thereunder where, like here, the foreign defendant had not transacted business in New York. See id. Similarly, the Receiver misstates the holding of SEC v. Ross, 504 F.3d 1130 (9th Cir. 2007), where the Ninth Circuit held that because the receiver had failed to obtain *in rem* jurisdiction over out-of-district assets pursuant to Section 754, "it follows, *a fortiori*, that he could not have served process pursuant to § 1692." 503 F.3d at 1146. The Ninth Circuit also confirmed in Ross that Section 1692 required *nationwide*, not international, service of process, by analogizing this section to "the nationwide service provision in the Securities Act." Id. This analogy immediately precedes (but is omitted from) the Receiver's parenthetical quotation of Ross. (Rec. Opp. at 15.)

[5] The only allegation in the Amended Complaint that even remotely alludes to receivership property held by Bradleyville, is that, "upon information and belief," on January 8, 2009, an offshore Receivership Entity wired funds to a bank account maintained by Bradleyville in Florida. (See Am. Compl. ¶ 144.) It is not alleged whether that bank account was active at the time this action was commenced (it was not, see Otero Reply Decl. ¶ 9) and/or whether such monies currently are in the United States (they are not insofar as Bradleyville maintains no bank accounts in the U.S., see id.). Further, as argued in Point I(B) below, even if this Florida bank account still were active, this sole allegation is insufficient to establish jurisdiction over Bradleyville under either the receivership statutes or Florida's long-arm statute.

Bombardier, 2008 WL 2787720 at *2. Where, like here, a receiver has failed to take that proverbial next step of establishing contacts with the districts in which Section 754 filings have been made, courts have declined to find the existence of personal jurisdiction under the federal receivership statutes. See, e.g., Bombardier, 2008 WL 2787720, at *3 (declining to find personal jurisdiction under federal receivership statutes where, like here, there were no allegations that the foreign defendants were present or had receivership property in any of the judicial districts in which the Receiver had filed the relevant documents); cf. Ross, 504 F.3d at 1146 (finding no personal jurisdiction under receivership statutes where receiver failed to demonstrate that receivership property existed out of district).

Ironically, the Receiver implicitly admits his failure to make a *prima facie* showing of personal jurisdiction under the receivership statutes by arguing that after filing the proper documents under Section 754, the Court may exercise personal jurisdiction over Bradleyville either when a summons is served on Bradleyville in New York or Florida (which has not occurred) or if Bradleyville is subject to the long-arm jurisdiction of New York or Florida. (Rec. Opp. at 14.) Even though the long-arm analysis is not part of a personal jurisdiction inquiry under the receivership statutes, see *supra* fn. 4, in any event, as demonstrated in subpoints I(B) and (C) below, the Receiver has not met his burden of demonstrating that Bradleyville is subject to the long-arm jurisdiction of New York, Florida, or Connecticut for that matter.

      **B.**    **The Receiver Has Failed to Establish that Bradleyville is Subject to Personal Jurisdiction Under New York's or Florida's Long-Arm Statutes**

Notwithstanding the Receiver's misguided attempt to "borrow" New York's and Florida's long-arm statutes based on inapposite case law from the Southern District of Florida (Rec. Opp. at 14), the Receiver has failed to make a *prima facie* case of personal jurisdiction under either statute.

With respect to New York, the Receiver's argument hangs on the slim reed that long-arm jurisdiction exists "to the extent that Bradleyville receives or has received rental income" from an

apartment it owns in New York City. (Rec. Opp. at 19.) However, Bradleyville has never received, nor does it currently receive, rental income from this apartment, nor has it ever acted as a landlord, or in any other manner conducted business in New York. (See Otero Reply Decl. ¶ 8.) As such, the Receiver has failed to make out any basis for asserting jurisdiction over Bradleyville under New York's long-arm statute. Indeed, Bradleyville's mere ownership of property in New York cannot sustain a finding of general or specific personal jurisdiction under New York's long-arm statute. With respect to the former, the Amended Complaint is devoid of allegations that Bradleyville was engaged in "continuous, permanent, and substantial activity" so as to be "doing business" in New York, see NewMarkets Partners LLC v. Oppenheim, 638 F. Supp. 2d 394, 401 (S.D.N.Y. 2009), and, with respect to the latter, there are no allegations that the Receiver's purported claims against Bradleyville "arise[e] from" its ownership of the apartment, as required under CPLR § 302(a)(4). See also Nationwide Mut. Ins. Co. v. Morning Sun Bus Co., No. 10-CV-1777 (ADS)(AKT), 2011 WL 381612, at *10 (E.D.N.Y. Feb. 2, 2011) and Cerberus Capital Mgmt., L.P. v. Snelling & Snelling, Inc., No. 60045/2005, 2005 WL 4441899, at *12 (Supr. Ct. N.Y. County Dec. 19, 2005).

With respect to Florida, the sole basis for the Receiver's argument that Bradleyville is subject to that state's long-arm jurisdiction is an offshore Receivership Entity's wire transfer of funds to a bank account (previously) maintained by Bradleyville in Florida. (Am. Compl. ¶ 144; Rec. Opp. at 24.) This single transaction does not constitute "substantial and not isolated activity" within Florida, which is required to establish general personal jurisdiction under Florida law. Fla. Stat. § 48.193(2). In any event, Bradleyville no longer maintains a bank account in Florida (see Otero Reply Decl. ¶ 9), but even if it did, this sole contact to Florida is insufficient to give rise to general or specific personal jurisdiction under Florida law. See La Reunion Française, S.A. v. La

Costeña, 818 So.2d 657, 659 (Fla. Dist. Ct. App. 2002) (finding the connection to Florida "too tenuous" where sole contact was the maintenance of a bank account).[6]

As such, there is no basis for the assertion of personal jurisdiction over Bradleyville under New York's or Florida's long-arm statutes.

### C. The Receiver's Agency and Alter-Ego Allegations Are Insufficient to Subject Bradleyville to Personal Jurisdiction Under Connecticut's Long-Arm Statutes

In its moving brief and the Otero Declaration, Bradleyville amply demonstrated that it is not subject to general or specific personal jurisdiction under Connecticut's long-arm statutes and further demonstrated that the exercise of such jurisdiction over Bradleyville would violate constitutional due process. (Br. Mov. Br. at 25-34.) The Receiver does not dispute these arguments and, instead, points to three e-mails in which defendant, Mr. Beracha, communicated Bradleyville's wiring instructions to Illarramendi. (See New Decl. Exs. 29, 34 and 35.) Based solely on these e-mails—and notwithstanding Mr. Otero's sworn testimony that Mr. Beracha has no ownership interest in and exercises no control over Bradleyville (see Otero Reply Decl. ¶ 11 and Otero Decl. ¶ 8)—the Receiver argues that Bradleyville is subject to Connecticut's long-arm jurisdiction on the vague and conclusory basis that Mr. Beracha was "acting as Bradleyville's agent." (Rec. Opp. at 30.)

The Receiver's bald allegation that Mr. Beracha acted as Bradleyville's "agent" is insufficient to subject Bradleyville to personal jurisdiction in Connecticut under an agency theory. See, e.g., Wellner v. Kasarjian, No. CV 96562940, 1999 WL 241737, at *3 (Conn. Super. Ct. Apr.

---

[6] In addition, in cases in which personal jurisdiction is found over defendants with bank accounts in Florida, such defendants, unlike Bradleyville, have other contacts with Florida as well, including continuing relationships with Florida entities. See, e.g., Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.2d 1357, 1362-63 (11th Cir. 2006) and Sun Trust Bank v. Sun Int'l Hotels Ltd., 184 F. Supp. 2d 1246, 1271 (S.D. Fla. 2001) (finding general personal jurisdiction and specifically noting that its conclusion "is not predicated on . . . the mere maintenance of bank accounts here"). Bradleyville has no such contacts with Florida. Consistent with the foregoing, although nowhere mentioned in the Receiver's opposition brief, the Amended Complaint's allegation that Bradleyville is registered to do business in Florida under a misspelled name (see Am. Compl. ¶ 27) is wholly inaccurate. (See Otero Reply Decl. ¶ 10 n.1.)

6, 1999) (declining to exercise long-arm jurisdiction over defendant corporation based on agency theory where, like here, defendant denied such relationship and plaintiff pointed to single piece of evidence). Nevertheless, even if Mr. Beracha's actions were attributable to Bradleyville (they are not), Mr. Beracha's transmittal of e-mails to Connecticut does not constitute the "transacting of business" under C.G.S. § 33-929(e). See LucidRisk LLC v. Ogden, 615 F. Supp. 2d 1, 5 (D. Conn. 2009) and Greene v. Sha-Na-Na, 637 F. Supp. 591, 596 (D. Conn. 1986).

Similarly, the Amended Complaint's vague, unspecified allegation, "[u]pon information and belief," that Mr. Beracha "actively controls or directs" all defendants, including Bradleyville, is insufficient to establish personal jurisdiction under an alter-ego theory. (See Am. Compl. ¶ 24.) First, the Receiver has failed to plead specific facts, as he must, which demonstrate an alter-ego relationship between Mr. Beracha and Bradleyville. See, e.g., Weber v. Fujifilm Med. Sys. U.S.A., Inc., Civ. No. 3:10CV401(JBA), 2011 WL 446895, at *5 (D. Conn. Feb. 4, 2011). Nor has the Receiver met the instrumentality test or the identity test for piercing the corporate veil under Connecticut law. To the extent that the Receiver purports to rely on the e-mails from Mr. Beracha to Illarramendi as the basis for his alter-ego allegations, an individual does not become an alter-ego of a corporation merely by acting on behalf of that corporation. Instead, under both the instrumentality and identity tests, the key requirement is control, see Weber, 2011 WL 446895, at *8, and the Receiver has failed to allege any evidentiary facts to support his conclusory allegations of Mr. Beracha's "control" over Bradleyville.[7]

---

[7] To prove an alter-ego relationship under the instrumentality test, the plaintiff must show "complete dominance, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity . . . had at the time no separate mind, will or existence of its own." Davenport v. Quinn, 53 Conn. App. 282, 300-01 (1999). Under the identity test, a plaintiff must show "that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun." Id. Neither the allegations of the Amended Complaint nor the three e-mails annexed to the New Declaration (see New Decl. Exs. 29, 34 and 35) come close to meeting these burdens of proof.

### III. THIS COURT SHOULD DENY THE RECEIVER'S ALTERNATIVE REQUEST TO TAKE JURISDICTIONAL DISCOVERY

The Receiver makes an alternative request to take "limited jurisdictional discovery" in the event that this Court finds that he has failed to make a *prima facie* showing of personal jurisdiction over Bradleyville. (Rec. Opp. at 37.) However, Langenberg v. Sofair, No. 03 CV 8339, 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006), a case relied on by the Receiver, confirms that jurisdictional discovery should be denied where, as here, "[p]laintiff's allegations . . . based solely on the receipt of the allegedly fraudulently transferred funds are woefully insufficient." 2006 WL 2628348, at *7.

Further, the Receiver fails to articulate what additional facts discovery would reveal, which is not surprising considering the abundance of information already in his possession, as evidenced by the voluminous New Declaration and the 35 exhibits annexed thereto.[8] Jurisdictional discovery should not be a "fishing expedition when little more exists than plaintiff's bare assertions that jurisdiction is proper." A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines, No. 10-CV-5464 (ADS)(ARL), 2011 WL 6130149, at *16 (E.D.N.Y. Dec. 9, 2011). Moreover, this Court should not permit jurisdictional discovery where, as here, a defendant has furnished all necessary information regarding jurisdiction. See id. Here, the two Declarations from Bradleyville's sole director, Luis Otero, demonstrating Bradleyville's lack of minimum contacts with the United States and the voluminous documentation already in the Receiver's possession preclude the need for additional jurisdictional discovery. In sum, the Receiver and the Court possess all the information necessary to determine that Bradleyville is not subject to personal jurisdiction under any of the Receiver's theories.

---

[8] Since his appointment in February 2011, the Receiver has received thousands of pages of documentation regarding the defendants in this action including, *inter alia*, supporting documentation underlying Proofs of Claim filed by defendants, Rowberrow Trading Corp., Fractal Fund Management, Ltd. and Fractal P Holding, Ltd., as well as documents regarding the "transactions" alleged in the Amended Complaint by virtue of cooperation agreements involving Illarramendi and others.

## CONCLUSION

For the foregoing reasons and those set forth in Bradleyville's moving brief and the accompanying supporting Declarations, this Court should dismiss this action as to Bradleyville with prejudice.

Dated:  September 21, 2012

Respectfully submitted,

/s/  Howard E. Cotton

| | |
|---|---|
| LAW OFFICES OF JEFFREY HELLMAN, LLC<br>195 Church Street, 10th Floor<br>New Haven, CT 06510<br>Tel:  203.691.8762<br>Fax: 203.823.4401<br>Jeffrey Hellman (ct04102)<br>jeff@jeffhellmanlaw.com | KATTEN MUCHIN ROSENMAN LLP<br>575 Madison Avenue<br>New York, New York 10022<br>Tel:    212.940.8800<br>Fax:   212.940.8776<br>Howard E. Cotton (phv05402)<br>Michael S. Gordon (phv05403)<br>howard.cotton@kattenlaw.com<br>michael.gordon@kattenlaw.com |

*Attorneys for Defendant, Bradleyville Ltd.*