EXHIBIT 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN J. CARNEY,

       Plaintiff,

   v.

MORIS BERACHA; 4A STAR CORP.;
BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.;
DOBSON MANAGEMENT CORP.; EAST
COAST CONSULTANT CORP.; FRACTAL
FUND MANAGEMENT LTD.; FRACTAL L
HOLDING LTD.; FRACTAL P. HOLDING
LTD.; FRACTAL FACTORING II;
HERMITAGE CONSULTANTS INC.; LA
SIGNORIA ASSETS CORP.; NETVALUE
STRATEGY, S.A.; NORTHWESTERN
INTERNATIONAL, LTD.; and
ROWBERROW TRADING CORP.,

       Defendants.

Case No. 12-CV-00180-SRU

---

## DECLARATION OF RICHARD GARETH EVANS

---

**RICHARD GARETH EVANS,** declares the following to be true pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am a Partner in the Litigation Practice in the British Virgin Islands ('BVI') office of Conyers Dill & Pearman Limited ("Conyers Dill & Pearman"). I was admitted to practice as a barrister and solicitor of the Eastern Caribbean Supreme Court (Virgin Islands) Circuit in 2005 and have appeared as counsel in more than 20 reported decisions in the BVI, including leading authorities on issues of BVI commercial law and procedure. I was admitted to the Bar of England & Wales in 1993, and from 1994 to 2005, I practised all

1

aspects of commercial litigation in England, in independent practice as a barrister in London.

2. I have been asked by Katten Muchin Rosenman LLP ("Katten"), counsel for defendant, Bradleyville Ltd. ("Bradleyville") in the above-captioned proceedings, to address the issue of whether service of process was properly effected on Bradleyville under section 184(5)(d) of the BVI Business Companies Act, 2004 (as amended) (the "BCA"). I understand that this Declaration will be submitted as part of Bradleyville's reply in further support of its Motion to Dismiss the Complaint in the above-captioned proceedings.

3. I make this Declaration based on knowledge and information obtained by me during the period of my firm's retention by Katten. Nothing herein should be construed as a waiver of the attorney-client or work product privileges.

4. In making this Declaration, I have reviewed the following: those sections of Bradleyville's and the Receiver's (defined below) legal memoranda on the Motion to Dismiss pertaining to service of process under BVI law; the Declaration of Luis Otero dated 23 May 2012 and the exhibits annexed thereto; the Declaration of Michael S. Gordon dated 24 May 2012 and the exhibits annexed thereto; the Declaration of Seamus Ronald Andrew dated 26 July 2012, and the exhibits annexed thereto; and the Reply Declaration of Luis Otero dated 19 September 2012 and the exhibit annexed thereto ("Otero Reply Decl.").

5. For the purpose of this Declaration, it is my understanding that:

   a) Bradleyville was incorporated and registered in the BVI on 7 January 1999 with its registered agent located at the offices of Commonwealth Trust Limited ("Commonwealth").

   b) In or about October 2010, Bradleyville continued as a company incorporated under the laws of Nevis. On 17 March 2011, a Certificate of Discontinuance was issued by the BVI Registrar of Companies under section 184(4A) of the BCA.

   c) Bradleyville's registered agent in Nevis is Dixcart Management Nevis Limited ("Dixcart").

   d) On 27 February 2012, John J. Carney in his capacity as Plaintiff and Receiver to The Michael Kenwood Group, LLC and certain affiliated entities (the "Receiver") in Case No. 12-CV-00180-SRU, pending before the United States District Court for the District of Connecticut (the "U.S. Proceedings"), purported to serve certain documents from the U.S. Proceedings on Bradleyville by serving Commonwealth.

   e) Commonwealth initially accepted service of the documents from the U.S. Proceedings on 27 February 2012 but, then, by letter dated 29 February 2012 returned the documents

on the basis that it had no authority to accept service, because its professional relationship with Bradleyville had terminated in October 2010.

f) By letter dated 1 March 2012, the Receiver's BVI law firm, SCA Creque, took the position that service properly was effected on Bradleyville under section 184(5)(d) of the BCA and by letter dated 13 March 2012, Commonwealth disagreed with SCA Creque's interpretation of this statutory provision and reaffirmed their position not to accept service of documents on Bradleyville's behalf.

**The Andrew Declaration Misinterprets Section 184(5)(d) of the BCA**

6.   In the Declaration of Seamus Ronald Andrew dated 26 July 2012 (the "Andrew Declaration") filed by the Receiver in opposition to Bradleyville's Motion to Dismiss, Mr. Andrew concludes that service was validly effected on Bradleyville in the BVI by virtue of section 184(5)(d) of the BCA, which states as follows:

> "Where a company is continued under the laws of a jurisdiction outside the Virgin Islands service of process may continue to be effected on the registered agent of the company in the Virgin Islands in respect of any claim, debt, liability or obligation of the company during its existence as a company under this Act."

7.   As set forth more fully below, Mr. Andrew incorrectly has interpreted section 184(5)(d) of the BCA, relying on an irrelevant statutory provision (section 101(1)), while failing to consider other provisions of the BCA (sections 3, 91 184(2) and 189), that clearly are applicable to the issue of service of process on a foreign company like Bradleyville that has continued outside the BVI.  In summary, I do not believe that a BVI court would conclude, based on the facts set forth herein, that  service properly was effected on Bradleyville under BVI law.

**Section 101(1) is irrelevant**

8.   In interpreting section 184(5)(d) of the BCA, Mr. Andrew purports to rely on section 101(1) of the BCA (Andrew Decl. ¶ 11) which provides that valid service on a BVI company may be effected generally on either the registered office or registered agent.  As explained below, this provision does not apply where, as with Bradleyville, a continuation has taken place and a former BVI company has become a "foreign company," as that term is defined in the BCA.

9.   Section 184(2) of the BCA provides that once continuation of a company has been permitted by the laws of a foreign jurisdiction and the company has complied with those laws, the company is no longer a company incorporated under the BCA, as follows:

"A company that continues as a company incorporated under the laws of jurisdiction outside the Virgin Islands does not cease to be a company incorporated under this Act *unless the laws of the jurisdiction outside the Virgin Islands permit the continuation and the company has complied with those laws*." (emphasis added.)

10. Accordingly, once a company has been duly incorporated in accordance with the laws of a new jurisdiction, it ceases to be incorporated under BVI law. Apart from the concepts of merger, consolidation, liquidation and dissolution, section 184(2) is the only other mechanism under the BCA that may extinguish the life of a BVI company.

11. Under BVI law, a certificate of discontinuance issued under section 184(4A) is prima facie evidence that such requirements of the foreign jurisdiction have been satisfied. Thereafter, subject to certain limited exceptions under section 184(5) that are not applicable here (see below), a former BVI company that has continued in a foreign jurisdiction is no longer subject to the regime of the BCA, including section 101(1).

12. Here, as attested by Luis Otero in the Declarations he has submitted to the Court, Bradleyville has continued under the laws of Nevis.  Further, the Certificate of Discontinuance issued to Bradleyville under section 184(4A) of the BCA, dated 17 March 2011 (Otero Reply Decl. Ex. D) is prima facie evidence that Bradleyville has complied with the laws of Nevis.  Therefore, section 101(1) cannot be relied upon to determine whether or not valid service was effected on Bradleyville by the Receiver on 27 February 2012 under section 184(5)(d) of the BCA.

**Other Relevant BCA Provisions Confirm that Service**
**Was Not Properly Effected on Bradleyville Under BVI Law**

13. The Andrew Declaration erroneously suggests that when a company continues out of the jurisdiction, service of legal process may be effected on that company's registered agent in the BVI without any limitations. This oversimplified interpretation of the scope and effect of section 184(5)(d) fails to take into consideration a number of other important statutory provisions, including sections 3, 91 and 189, shown at pages 1 to 9 of Exhibit "A" to this Declaration.

14. The BCA makes important distinctions between the requirements for companies incorporated under the Act and companies not so incorporated or registered, the latter of which are referred to as "foreign companies".

15. Section 3(2) of the BCA defines "foreign company as "a body corporate incorporated, registered or formed outside the Virgin Islands" and Section 3(1) of the BCA states that the term "company" as used in the BCA "excludes . . . a company that has continued as a company incorporated under the laws of a jurisdiction outside the Virgin Islands in

accordance with section 184." Accordingly, Sections 3(1) and 3(2) of the BCA make it clear that a company, like Bradleyville, that has continued under section 184, is a "foreign company" under the BCA.

16. Section 189(1) of the BCA provides that "[a] foreign company *that carries on business in the Virgin Islands* shall, at all times, have a registered agent in the Virgin Islands" (emphasis added). There is no similar registered agent requirement for a foreign company, like Bradleyville, that is not doing business in the BVI.

17. Consequently, the circumstances in which service may be effected under section 184(5) must be properly construed to apply only to: (i) foreign companies doing business within the BVI, who by operation of law are required to and have an agent in the jurisdiction; or (ii) foreign companies not doing business in the BVI that have nonetheless elected to engage a registered agent in the BVI, subject to the requisite approvals being granted by the Financial Services Commission under section 189(2) of the BCA.

**Conclusion**

18. In my opinion, and based on the facts above, Bradleyville falls into neither of the categories in the preceding paragraph because it is a foreign company that is not required to have a registered agent, since it does no business in the BVI. (Otero Reply Decl. ¶ 7.) Furthermore, Bradleyville does not have a registered agent in the BVI, because it terminated its contractual relationship with Commonwealth in October 2010. I am aware of no evidence demonstrating that after this termination there was some form of specific re-engagement of Commonwealth as registered agent. In my opinion, nothing short of this will suffice to bring the fact pattern within the proper compass of the service provision in section 184(5)(d) of the BCA.

19. Paragraphs 13 to 16 of the Andrew Declaration rest on the premise that either (a) under BVI law agency may arise in circumstances where there is a non-existing principal, or (b) BVI law implies the existence of the contractual relationship of company and registered agent where in fact such a relationship has been contractually terminated. I believe that this approach is not supported by authority, and with respect, is untenable.

20. Indeed, the broad interpretation of section 184(5)(d) set forth in the Andrew Declaration would impose a legal relationship contrary to the clear and common express intention of the parties. This result would re-write commercial bargains and usurp the doctrine of privity and party autonomy underlying BVI contract law.

21. Moreover, I believe that properly constructed, section 184(5) must be regarded as a series of exceptions to the general rule under section 184(2) that upon a company continuing elsewhere, it ceases to exist under BVI law. As such, any exception to a general provision would, as a matter of BVI statutory construction, be construed in a narrow fashion. Where

the general rule is of such fundamental effect, that is, that the company ceases to exist under BVI law, I believe that a BVI court would interpret the series of exceptions under section 184(5) in as narrow a fashion as possible, for fear of undermining the essential effect of section 184(2).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** on this 21 day of September 2012, in Road Town, Tortola, BVI.


RICHARD G. EVANS

6

# EXHIBIT A

VIRGIN ISLANDS

THE BVI BUSINESS COMPANIES ACT, 2004

No. 16 of 2004

Amended by
26/2005

Subsidiary Legislation

Segregated Portfolio Companies Regulations, 2005 (S.I. 2005 No. 96)

Revised under the Statute Revision Act, 2005 (No. 25 of 2005)
as of 1st January, 2006

"resolution",

    (a)    in relation to the members of a company, has the meaning specified in section **81**; and

    (b)    in relation to the directors of a company, has the meaning specified in section **129**;

"restated articles" means a single document that incorporates the articles together with all amendments made to it;

"restated memorandum" means a single document that incorporates the memorandum together with all amendments made to it;

"restricted purposes company" means a company limited by shares that is registered on its incorporation as having restricted purposes in accordance with section **8(1)**;

"securities" means shares and debt obligations of every kind, and includes options, warrants and rights to acquire shares or debt obligations;

"segregated portfolio company" means a company incorporated or registered as a segregated portfolio company under Part VII;

"series", in relation to shares, means a division of a class of shares;

"shareholder" has the meaning specified in section **78**;

"solvency test" has the meaning specified in section **56**;

"treasury share" means a share of a company that was previously issued but was repurchased, redeemed or otherwise acquired by the company and not cancelled;

"unlimited company" means a company of a type specified in section **5(d)** or **(e)**; and

"voluntary liquidator" means a liquidator appointed under section **199**, but does not include an Insolvency Act liquidator.

3.    (1)  Unless this Act expressly provides otherwise, "company" means      Meaning of "company" and "foreign company".

    (a)    a BVI business company incorporated under section **7**;

(b)  a company continued as a BVI business company under section **182**; or

Schedule 2

(c)  a former Act company re-registered as a BVI business company under Schedule 2;

but excludes a dissolved company and a company that has continued as a company incorporated under the laws of a jurisdiction outside the Virgin Islands in accordance with section **184**.

(2)  In this Act, "foreign company" means a body corporate incorporated, registered or formed outside the Virgin Islands but excludes a company within the meaning of subsection (1).

(3)  The Regulations may prescribe types of bodies, associations and entities that, although not a body corporate, are to be treated as a body corporate for the purposes of subsection (2).

**Meaning of "subsidiary" and "holding company".**

**4.**    (1)  A company (the first company) is a subsidiary of another company (the second company), if

(a)  the second company

(i)  holds a majority of the voting rights in the first company,

(ii)  is a member of the first company and has the right to appoint or remove a majority of its board, or

(iii)  is a member of the first company and controls alone, or pursuant to an agreement with other members, a majority of the voting rights in the first company; or

(b)  the first company is a subsidiary of a company which is itself a subsidiary of the second company.

(2)  A company is the holding company of another company if that other company is its subsidiary.

(3)  For the purposes of subsections (1) and (2), "company" includes a foreign company and any other body corporate.

## PART V

## COMPANY ADMINISTRATION

### Division 1 – Registered Office and Registered Agent

Registered office.    **90.**    (1)   A company shall, at all times, have a registered office in the Virgin Islands.

(2)   The registered office of a company is

     (a)   the place specified as the company's first registered office in the memorandum filed under section **6**(1); or

     (b)   if one or more notices of change of registered office have been filed under section **92**, the place specified in the last such notice to be registered by the Registrar.

(3)   The registered office of a company, whether as specified in the memorandum or in any notice filed under section **92**,

     (a)   shall be a physical address in the Virgin Islands; and

     (b)   if the registered office of the company is at the office of its registered agent, that fact shall be stated in the description of the address in the memorandum or in the notice.

Registered agent.    **91.**    (1)   Subject to subsection (5), a company shall at all times have a registered agent in the Virgin Islands.

(2)   Unless the last registered agent of the company has resigned in accordance with section **93** or ceased to be the company's registered agent in accordance with section **94**(3), the registered agent of a company is

     (a)   the person specified as the company's first registered agent in the memorandum filed under section **6**(1); or

     (b)   if one or more notices of change of registered agent have been filed under section **92**, the person specified as the company's registered agent in the last such notice to be registered by the Registrar.

(3)   No person shall be, or agree to be, the registered agent of a company unless that person

     (i)   holds a licence under the Company Management Act 1990 or under

No. 8 of 1990

4

the Banks and Trust Companies Act 1990; and                          No. 9 of 1990

    (ii) has the approval of the Commission to provide registered agent services.

    (4) Subject to section 94(6), a person who contravenes subsection (3) commits an offence and is liable on summary conviction to a fine of $10,000.

    (5) A company does not require a registered agent if it is in liquidation within the meaning of section 160 of the Insolvency Act.                          No. 5 of 2003

    (6) A company that does not have a registered agent in contravention of subsection (1) commits an offence and is liable on summary conviction to a fine of $10,000.

**92.**     (1) A resolution to change the location of a company's registered office or to change a company's registered agent may be passed
                                              *Change of registered office or registered agent.*

    (a) notwithstanding any provision to the contrary in the memorandum or articles, by the members of the company; or

    (b) if authorised by the memorandum or articles, by the directors of the company.

    (2) A company that wishes to change its registered office or registered agent shall file a notice in the approved form.                          26/2005

    (3) A notice of change of registered agent shall be endorsed by the new registered agent with his agreement to act as registered agent.

    (4) A notice of change of registered office or registered agent may be filed only by

    (a) the registered agent of the company; or

    (b) a legal practitioner in the Virgin Islands acting on behalf of the company for the purposes of filing the notice.

    (5) For the purposes of subsection (4)(a), in the case of a notice of change of registered agent, "registered agent" means the existing registered agent.

    (6) A change of registered office or registered agent takes effect on the registration by the Registrar of the notice filed under subsection (2).                          26/2005

(d) minutes of meetings and resolutions of members and of those classes of members of which he is a member;

and to make copies of or take extracts from the documents and records.

(3) Subject to the memorandum and articles, the directors may, if they are satisfied that it would be contrary to the company's interests to allow a member to inspect any document, or part of a document, specified in subsection (2)(b), (c) or (d), refuse to permit the member to inspect the document or limit the inspection of the document, including limiting the making of copies or the taking of extracts from the records. 26/2005

(4) The directors shall, as soon as reasonably practicable, notify a member of any exercise of their powers under subsection (3).

(5) Where a company fails or refuses to permit a member to inspect a document or permits a member to inspect a document subject to limitations, that member may apply to the Court for an order that he should be permitted to inspect the document or to inspect the document without limitation.

(6) On an application under subsection (5), the Court may make such order as it considers just.

**101.** (1) Service of a document may be effected on a company by addressing the document to the company and leaving it at, or sending it by a prescribed method to, Service of process, etc. on company.

(a) the company's registered office; or

(b) the office of the company's registered agent.

(2) The Regulations may provide for the methods by which service of a document on a company may be proved.

**102.** (1) A company shall keep Books, records and common seal.

(a) minutes of all meetings of

(i) directors,

(ii) members,

(iii) committees of directors, and

(iv) committees of members; and 26/2005

6

Continuation under foreign law.

**184.** (1) Subject to its memorandum or articles, a company for which the Registrar would issue a certificate of good standing pursuant to section 235(1) may, by a resolution of directors or by a resolution of members, continue as a company incorporated under the laws of a jurisdiction outside the Virgin Islands in the manner provided under those laws.

(2) A company that continues as a company incorporated under the laws of jurisdiction outside the Virgin Islands does not cease to be a company incorporated under this Act unless the laws of the jurisdiction outside the Virgin Islands permit the continuation and the company has complied with those laws.

26/2005

(3) The registered agent of a company that continues as a company incorporated under the laws of a jurisdiction outside the Virgin Islands may file a notice of the company's continuance in the approved form.

26/2005

(4) If the Registrar is satisfied that the requirements of this Act in respect of the continuation of a company under the laws of a foreign jurisdiction have been complied with, he shall

(a) issue a certificate of discontinuance of the company in the approved form;

(b) strike the name of the company off the Register of Companies with effect from the date of the certificate of discontinuance; and

(c) publish the striking off of the company in the *Gazette*.

26/2005

(4A) A certificate of discontinuance issued under subsection (4) is prima facie evidence that

(a) all the requirements of this Act in respect of the continuation of a company under the laws of a foreign jurisdiction have been complied with; and

(b) the company was discontinued on the date specified in the certificate of discontinuance.

(5) Where a company is continued under the laws of a jurisdiction outside the Virgin Islands

(a) the company continues to be liable for all of its claims, debts, liabilities and obligations that existed prior to its continuation as a company under the laws of the jurisdiction outside the Virgin Islands;

(b) no conviction, judgement, ruling, order, claim, debt, liability or

7

obligation due or to become due, and no cause existing, against the company or against any member, director, officer or agent thereof, is released or impaired by its continuation as a company under the laws of the jurisdiction outside the Virgin Islands;

(c) no proceedings, whether civil or criminal, pending by or against the company, or against any member, director, officer or agent thereof, are abated or discontinued by its continuation as a company under the laws of the jurisdiction outside the Virgin Islands, but the proceedings may be enforced, prosecuted, settled or compromised by or against the company or against the member, director, officer or agent thereof, as the case may be; and

(d) service of process may continue to be effected on the registered agent of the company in the Virgin Islands in respect of any claim, debt, liability or obligation of the company during its existence as a company under this Act.

## PART XA

26/2005

## MEMBERS' REMEDIES

**184A.** In this Part, "member", in relation to a company, means

Interpretation for this Part.

(a) a shareholder or a personal representative of a shareholder;

(b) a guarantee member of a company limited by guarantee; or

(c) an unlimited member of an unlimited company.

**184B.** (1) If a company or a director of a company engages in, or proposes to engage in, conduct that contravenes this Act or the memorandum or articles of the company, the Court may, on the application of a member or a director of the company, make an order directing the company or director to comply with, or restraining the company or director from engaging in conduct that contravenes, this Act or the memorandum or articles.

Restraining or compliance order.

(2) If the Court makes an order under subsection (1), it may also grant such consequential relief as it thinks fit.

(3) The Court may, at any time before the final determination of an application under subsection (1), make, as an interim order, any order that it could make as a final order under that subsection.

      (a)  a certified copy of the new or amended instrument; and

      (b)  if the instrument is not in English, a translation of the document certified as accurate in accordance with the Regulations.

    (4)  A foreign company that contravenes this section commits an offence and is liable on summary conviction to a fine of $1,000.

**189.**  (1)  A foreign company that carries on business in the Virgin Islands shall, at all times, have a registered agent in the Virgin Islands.

    (2)  No person shall act, or agree to act, as the registered agent of a foreign company unless that person

      (a)  holds a licence under the Company Management Act or under the Banks and Trust Companies Act; and

      (b)  has the approval of the Commission to provide registered agent services.

    (3)  A foreign company that contravenes subsection (1) and a person who contravenes subsection (2) commits an offence and is liable on summary conviction to a fine of $10,000.

**190.**  (1)  Where the Registrar is satisfied that the corporate name of, or a name being used by, a foreign company carrying on business in the Virgin Islands is undesirable, he may serve a notice in the approved form on the foreign company requiring it to cease carrying on business in the Virgin Islands under, or using, that name.

    (2)  A foreign company on which a notice is served under subsection (1) shall not carry on business in the Virgin Islands under, or using, the name specified in the notice from

      (a)  a date thirty days after the date of the service of the notice; or

      (b)  such later date as may be specified in the notice.

    (3)  The Registrar may, at any time, withdraw a notice served under subsection (1).

    (4)  A foreign company on which a notice is served under subsection (1) shall, if it proposes to carry on business in the Virgin Islands under, or using, an alternate name, file a notice of the alternate name.

*Marginal notes:*

*Foreign company to have registered agent.*

*No. 8 of 1990*
*No. 9 of 1990*

*Control over names of foreign companies.*