UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER,<br><br>               Plaintiff,<br><br>    v.<br><br>MORIS BERACHA; 4A STAR CORP.; BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.; DOBSON MANAGEMENT CORP.; EAST COAST CONSULTANT CORP.; FRACTAL FUND MANAGEMENT LTD.; FRACTAL L HOLDING LTD.; FRACTAL P HOLDING LTD.; HERMITAGE CONSULTANTS INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; and ROWBERROW TRADING CORP.,<br><br>               Defendants. | Case No. 12-CV-00180-SRU |

**RECEIVER'S MOTION FOR PERMISSION TO FILE A SUR-REPLY TO DEFENDANTS MORIS BERACHA, FRACTAL FUND MANAGEMENT, LTD., FRACTAL L HOLDING, LTD., FRACTAL P HOLDING LTD., NORTHWESTERN INTERNATIONAL, LTD., ROWBERROW TRADING CORP., AND BRADLEYVILLE LTD.'S REPLIES TO THE RECEIVER'S OPPOSITION TO MOTIONS TO DISMISS <u>AND FOR RELIEF FROM ANTI-SUIT INJUNCTION</u>**

John J. Carney, in his capacity as the court-appointed receiver (the "Receiver"), through his undersigned attorneys, respectfully submits this motion for permission to file a sur-reply in further opposition to Moris Beracha ("Beracha"), Fractal Fund Management, Ltd. ("Fractal Fund"), Fractal L Holding, Ltd., Fractal P Holding Ltd, Northwestern International, Ltd. ("Northwestern"), Rowberrow Trading Corp. ("Rowberrow"), and Bradleyville Ltd.'s ("Bradleyville") (collectively the "Movants") motions to dismiss and for relief from the anti-suit injunction.

The Receiver requests permission to file a sur-reply in order to advise the Court of recent filings by Fractal Funds Management, Ltd. ("Fractal Fund"), Fractal P Holding Ltd. (together with Fractal Funds, "Fractal Movants"), and Rowberrow in the related case, *SEC v. Illarramendi*, 11-cv-00078. The filings substantially affect the posture of the Fractal Movants and Rowberrow before this Court and the merits of certain arguments found in the Motions to Dismiss. Pursuant to Judge Underhill's Chamber Practices, "Judge Underhill believes that sur-reply briefs are rarely necessary but generally grants motions requesting leave to file such briefs."

## PROCEDURAL BACKGROUND

The Motions to Dismiss were filed on May 21, 2012 (dkt. 63) and May 24, 2012 (dkt. 74). The Receiver's Opposition to the Motions to Dismiss was filed on July 27, 2012 (dkt. 86). On August 17, 2012, defendants Beracha, Fractal Fund, Fractal L Holding Ltd., Fractal P Holding Ltd., Northwestern, Rowberrow and Bradleyville filed a request for an extension of time to file reply papers in support of their Motions to Dismiss, to extend their time to reply from August 24, 2012 to September 21, 2012 (dkt. 96). In their request, the defendants stated that they were seeking the extension "as a result of scheduling issues." The Court granted the request and the reply briefs were filed on September 21, 2012 (dkts. 99 and 100).

On the day the reply briefs were originally due, August 24, 2012, the Fractal Movants filed a Motion titled "Motion to Intervene as of Right, to Reject and Enjoin Performance of Stipulation of Settlement, for an Order to Show Cause Why John J. Carney's Appointment Should Not Be Revoked, and to Dissolve Worldwide Anti-Suit Injunction" in *SEC v. Illarramendi*, 11-cv-00078, before Judge Arterton ("Fractal JBA Motion"). Dkt. # 556-58, attached to the Declaration of Robertson D. Beckerlegge ("Beckerlegge Decl.") as Ex. 1. Then, on September 4, 2012, Rowberrow filed a Motion titled "Motion to Intervene as of Right or Permissively, to Reject and Enjoin Performance of Stipulation of Settlement, for an Order Revoking John J. Carney's

2

Appointment As Receiver, to Oppose Third Motion for Fees and Enjoin Further Obligations, and to Dissolve Worldwide Anti-Suit Injunction" in *SEC v. Illarramendi*, 11-cv-00078, before Judge Arterton (Rowberrow JBA Motion, together with the Fractal JBA Motion, the "JBA Motions"). Dkt. # 571-72, attached to Beckerlegge Decl. as Ex. 2. Rowberrow's JBA Motion joins Fractal's JBA Motion in its entirety.

The JBA Motions argue that Fractal Fund, Fractal P Holding Ltd., and Rowberrow and others are not subject to the Court's personal jurisdiction and devote more than four pages of argument to the issue. The JBA Motions ask Judge Arterton to dissolve the anti-suit injunction contained in the Receivership Order.

In total, the Fractal Movants and Rowberrow have filed eight "limited appearances" in *SEC v. Illarramendi*, 11-cv-00078 (JBA), since the date on which the Receiver filed his Opposition to the Motions to Dismiss. *See* Dkt. # 555, 565, 566, 567, 570, 581, 583, 584. While contesting personal jurisdiction, the JBA Motions seek affirmative relief from the Court in the form of intervention and an order to show cause.

## ARGUMENT

The Receiver requests a sur-reply to address these recent developments, which directly affect two arguments at issue in the pending Motions to Dismiss. In the Opposition to the Motion to Dismiss, the Receiver argued that the Fractal Movants and Rowberrow had submitted to jurisdiction by filing a claim. Since that opposition, the Fractal Movants and Rowberrow have entered eight limited appearances and sought affirmative relief from the District of Connecticut. The reply briefs by the Fractal Movants and Rowberrow fail to bring these filings to the Court's attention. The Receiver should be allowed to supplement his argument to address these changed circumstances.

Second, the Fractal Movants and Rowberrow sought relief from this Court from the anti-suit injunction. The Receiver pointed out the impropriety of requesting that relief from this Court rather than from Judge Arterton—who issued the order—in its Opposition Motion. *See* Receiver's Memorandum of Law in Opposition to Defendants Moris Beracha, Fractal Fund Management, Ltd., Fractal L Holding, Ltd., Fractal P Holding Ltd., Northwestern International, Ltd., Rowberrow Trading Corp., and Bradleyville Ltd.'s Motions to Dismiss and for Relief from Antisuit Injunction at 49-50, dkt. 86. In the request before Judge Arterton, the Fractal Movants and Rowberrow have effectively conceded the Receiver's position by seeking that relief from Judge Arterton. The Receiver should be allowed to supplement the Opposition to address the impact of this filing.

## CONCLUSION

For the foregoing reasons, the Motions for permission to file a sur-reply should be GRANTED.

Date:  September 24, 2012

Respectfully submitted,

 /s/ *Jonathan B. New*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Jonathan B. New (phv04633)
Email: jnew@bakerlaw.com
Robertson D. Beckerlegge (phv05276)
Email: rbeckerlegge@bakerlaw.com

*Attorneys for Receiver John J. Carney, Esq.*