UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY,<br><br>                              Plaintiff,<br><br>-against-<br><br>MORIS BERACHA; 4A STAR CORP; BRADLEYVILLE, LTD.; BRAVE SPIRIT, LTD.; CONSULTING CORP.; FRACTAL FUND MANAGEMENT, LTD.; FRACTAL FACTORING FUND; FRACTAL L. HOLDING, LTD.; FRACTAL P. HOLDING, LTD; FRACTAL FACTORING II; HERMITAGE CONSULTANTS, INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; and ROWBERROW TRADING CORP.,<br><br>                              Defendants. | Case No. 3:12-cv-00180-SRU<br><br><br><br><br><br><br><br><br><br><br><br>October 25, 2012 |

**SUR-SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS MORIS BERACHA, FRACTAL FUND MANAGEMENT, LTD.,
FRACTAL L. HOLDING, LTD., FRACTAL P. HOLDING, LTD., NORTHWESTERN
INTERNATIONAL, LTD., AND ROWBERROW TRADING CORP.'S
MOTION TO DISMISS AND FOR RELIEF FROM ANTISUIT INJUNCTION**

Moris Beracha, Fractal Fund Management, Ltd., Fractal L. Holding, Ltd., Fractal P. Holding, Ltd., Northwestern International, Ltd., and Rowberrow Trading Corp. ("Movants") respectfully submit this Sur-Sur-Reply in further support of their motion to dismiss in accordance with the Court's Order permitting a Sur-Reply and a Sur-Sur-Reply. (Doc. No. 103.)

In his Sur-Reply, Carney argues that Fractal Fund Management, Ltd., Fractal P Holding, Ltd. and Rowberrow Trading Corp. (collectively "Claimants") have consented to the District of Connecticut's exercise of personal jurisdiction over them by moving to intervene in *SEC v. Illarramendi*, No. 11-cv-00078 (D. Conn.) ("JBA Action") to seek relief from the antisuit

injunction and to preserve the value of their claims in that proceeding. (Carney's Sur-Reply at 4-5) (Doc. No. 104.) Carney's argument is both legally and factually incorrect.

Carney errs when he asserts that "seeking to intervene, on its own, subjects the intervening party to personal jurisdiction." (Carney's Sur-Reply at 5.) Courts have held otherwise. In *SEC v. Ross*, 504 F.3d 1130 (9th Cir. 2007), the Ninth Circuit considered whether moving to intervene constituted a consent to personal jurisdiction, and "decline[d] to adopt a per se rule that an intervenor consents to the court's personal jurisdiction. We hold that [the intervener] did not consent to the jurisdiction of the district court when he intervened." *Id*. at 1148. The Ninth Circuit noted that it found personal jurisdiction only when a party "*fairly invited* the court to resolve the dispute between the parties. By contrast, *where a party has filed a timely and unambiguous objection to the court's jurisdiction, we have concluded that the party has not consented to jurisdiction*." *Id*. at 1149 (emphasis added). The Second Circuit has cited *Ross* favorably, noting that an intervener who contests jurisdiction does not thereby consent to personal jurisdiction, but rather to the court's determination of whether a basis for such personal jurisdiction exists. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 139 (2d Cir. 2011).

Although the intervener in *Ross* sought to intervene solely to challenge personal jurisdiction, and Claimants here seek to intervene to protect the value of the Receivership Estate while preserving a personal jurisdiction challenge made in a separate proceeding before the Court, the basic principle holds: consent to jurisdiction is not to be determined mechanically where, as here, the intervention motion is made with the preservation of the applicable objection to jurisdiction. Instead, the Court's determination of whether there has been consent to personal jurisdiction depends on whether the intervener's actions demonstrate that he has "fairly invited

the court to resolve the dispute," *Ross* at 1149, or otherwise purposefully availed himself of the Court's jurisdiction for due process purposes. *See Mario Valente Collezioni, Ltd. v. Confezioni Semararo Paolo, S.R.L.*, 264 F.3d 32, 37-38 (2d Cir. 2001) (citation omitted).

Here, as in *Ross*, the record demonstrates that the Claimants did not purposefully avail themselves of Connecticut. On the contrary, the Claimants were compelled by Court Order to file their claims with Carney. (*See* Order, JBA Action, Doc. No. 365) ("[C]laims against any of the entities or assets administered by the Receiver . . . must be asserted using the Notice and Proof of Claim Form.") In addition, Claimants were barred from seeking recovery in any other forum of the more than $100 million that the Receivership Entities owe them, and thus from enforcing their contractual rights in the relevant jurisdictions designated by the forum selection clauses governing their claims. (*See* Am. Order App'g Receiver, JBA Action, Doc. No. 423.)

Respectfully, Claimants have never conceded that this Court is the appropriate forum for resolving their claims against the Receivership Estate, much less "fairly invited the Court to resolve the dispute." *Ross* at 1149. First, Claimants have filed an "unambiguous objection to the Court's jurisdiction." *Id*. Indeed, Carney acknowledges that, in the motions to intervene in the JBA Action, Claimants "devote more than four pages of argument to the issue [of personal jurisdiction]." (Carney's Sur-Reply at 2.) Claimants' objection to the Court's jurisdiction filed in the JBA Action supplements the briefing on the issue of personal jurisdiction that Claimants and the other Movants submitted to the Court in this action. Second, Claimants have vigorously sought relief from the Court's antisuit injunction in both this action and the JBA action. Claimants' briefs, and their accompanying declarations, unambiguously seek leave to enforce their rights against the Receivership Entities in the appropriate jurisdictions - i.e. those for which

they contracted in the relevant forum selection clauses - and not before this Court.  (*See* Declaration of Moris Beracha, Doc. No. 63-2; Declaration of Alain Bibliowicz, Doc. No. 63-3.)

Unless and until Claimants are released from the antisuit injunction and permitted to pursue their claims elsewhere, however, they have no practical alternative to preserve their interests other than through the exclusive claims proceeding judicially mandated in the JBA Action.  As a result, Claimants have been compelled to enter limited appearances in the JBA Action to seek the specific and limited relief required to protect the value of their claims, pending the Court's determination that it lacks personal jurisdiction and/or a decision to dissolve the antisuit injunction.

All of Claimants' motions seek to protect the value of the Receivership Estate and to dissolve the antisuit injunction.  As set forth more fully in Claimants' motions to intervene in the JBA Action, a conflict exists between Carney's high fiduciary duties to creditors of the Receivership Estate and his personal financial interest in transferring tens of millions of dollars in Receivership Estate assets to the law firm in which he is a partner, as evidenced by his decisions to date.  (*See* Memorandum of Law in Support of Fractal Fund Management, Ltd. and Fractal P. Holding, Ltd.'s Motion to Intervene ("Fractal's Intervention Memo"), JBA Action, Doc. No. 557-4.)   This conflict of interest taints not only the over $8 million in legal fees that Carney's law firm has generated in 2011 alone (Carney has yet to provide any fee information for 2012), but also a proposed Stipulation of Settlement Carney negotiated in which he agreed to pay up to $25 million in Receivership Estate assets to certain investors in funds controlled by Francisco Illarramendi in return for those investors' agreement to expand the scope of the Receivership, which would result in an increase in the amount of legal fees Carney's law firm could generate.  (*See* Stipulation of Settlement, JBA Action, Doc. No. 542-1.)  As a result,

Claimants have sought leave to intervene to oppose Carney's Third Interim Application for Fees and Expenses and the Stipulation of Settlement.  (*See* Fractal Fund Management, Ltd. and Fractal P. Holding, Ltd.'s Motion to Intervene, JBA Action, Doc, No. 556; Rowberrow Trading Corp.'s Motion to Intervene, JBA Action, Doc. No. 571.)  These requests for relief seek no more than the preservation of the Receivership Estate assets; they do not invite the Court to resolve the entirety of Claimants' dispute against the Receivership Entities.

      Finally, Carney's assertion that Claimants have "effectively conceded" that only Judge Arterton may adjudicate their motion to dissolve the antisuit injunction is incorrect.  Claimants seek dissolution of the antisuit injunction before Judge Arterton on the grounds that she did not make the required finding of personal jurisdiction before entering the injunction.  Thus, regardless of the Court's ultimate decision on jurisdiction in this proceeding, the antisuit injunction is currently defective.  (*See* Fractal's Intervention Memo.)  Separately, a finding by the Court in this proceeding that it lacks personal jurisdiction over Claimants would also require dissolution of the antisuit injunction.  In fact, Movants' objection to personal jurisdiction is most appropriately adjudicated in this proceeding, where the issue has been fully briefed.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice.

Dated: October 25, 2012                                              Respectfully submitted

                                                                  /s/ Michael P. Socarras

| SHIPMAN & GOODWIN, LLP | CHADBOURNE & PARKE, LLP |
|---|---|
| One Constitution Plaza | 1200 New Hampshire Avenue NW |
| Hartford, CT 06103 | Washington, DC 20036 |
| Tel: 860.251.5000 | Tel: 202.974.5600 |
| Fax: 860.251.5099 | Fax: 202.974.5602 |
| Ross H. Garber (ct17689) | Michael P. Socarras (phv05388) |
| Sara J. Goldfarb (ct28370) | Marcelo M. Blackburn (phv05568) |
| rgarber@goodwin.com | LeeAnn O'Neill (phv05389) |
| sgoldfarb@goodwin.com | msocarras@chadbourne.com |
|  | mblackburn@chadbourne.com |
|  | loneill@chadbourne.com |

*Attorneys for Moris Beracha, Fractal Fund Management, Ltd., Fractal L Holding, Ltd., Fractal P Holding, Ltd., Northwestern International, Ltd., and Rowberrow Trading Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2012, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/Doc. System.

/s/ Michael P. Socarras

Michael P. Socarras (phv05388)