**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOHN J. CARNEY, IN HIS CAPACITY AS
COURT-APPOINTED RECEIVER, FOR
HIGHVIEW POINT PARTNERS, LLC;
MICHAEL KENWOOD GROUP, LLC; MK
MASTER INVESTMENTS LP; MK
INVESTMENTS, LTD.; MK OIL VENTURES
LLC; MICHAEL KENWOOD CAPITAL
MANAGEMENT, LLC; MICHAEL KENWOOD
ASSET MANAGEMENT, LLC; MK ENERGY
AND INFRASTRUCTURE, LLC; MKEI SOLAR,
LP; MK AUTOMOTIVE, LLC; MK
TECHNOLOGY, LLC; MICHAEL KENWOOD
CONSULTING, LLC; MK INTERNATIONAL
ADVISORY SERVICES, LLC; MKG-
ATLANTIC INVESTMENT, LLC; MICHAEL
KENWOOD NUCLEAR ENERGY, LLC;
MYTCART, LLC; TUOL, LLC; MK CAPITAL
MERGER SUB, LLC; MK SPECIAL
OPPORTUNITY FUND; MK VENEZUELA,
LTD.; SHORT TERM LIQUIDITY FUND I,
LTD.,

                Plaintiff,

      v.

MORIS BERACHA; 4A STAR CORP.;
BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.;
DOBSON MANAGEMENT CORP.; EAST
COAST CONSULTANT CORP.; FRACTAL
FUND MANAGEMENT LTD.; FRACTAL L
HOLDING LTD.; FRACTAL P. HOLDING
LTD.; HERMITAGE CONSULTANTS INC.; LA
SIGNORIA ASSETS CORP.; NETVALUE
STRATEGY, S.A.; NORTHWESTERN
INTERNATIONAL, LTD.; ROWBERROW
TRADING CORP.; and SUNNY SERVICES
CORP.,

                Defendants.

No. 12-CV-00180-SRU

**RECEIVER'S THIRD MOTION UNDER THE INTER-AMERICAN CONVENTION ON
LETTERS ROGATORY AND ADDITIONAL PROTOCOL WITH ANNEX AND RULES
4(F)(1) AND 4(H)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR AN
ORDER ISSUING LETTERS OF REQUEST FOR SERVICE ABROAD OF JUDICIAL
OR EXTRAJUDICIAL DOCUMENTS ON DEFENDANTS IN PANAMA**

Under the Inter-American Convention on Letters Rogatory and the Additional Protocol

with Annex (collectively, the "Inter-American Convention") and Rules 4(f)(1) and 4(h)(2) of the

Federal Rules of Civil Procedure (the "Federal Rules"), John J. Carney, Esq. (the "Receiver"), as

Receiver to The Michael Kenwood Group, LLC (the "MK Group") and certain affiliated entities

(the "Receivership Entities")[1] in *SEC v. Illarramendi, Michael Kenwood Capital Mgmt., LLC et

al.* C.A., No. 3:11-cv-00078 (JBA), (the "SEC Action") by and through his undersigned counsel,

respectfully submits this motion (the "Motion") requesting that the Court enter an order issuing

Requests for Service Abroad of Judicial or Extrajudicial Documents Pursuant to the Additional

Protocol to the Inter-American Convention on Letters Rogatory ("Letter Rogatory" or  "Letter of

Request")[2] for transmittal to the appropriate judicial authority in Panama for the service of

judicial documents on defendants Dobson Management Corp. and 4A Star Corp. (together, the

"Subject Defendants" and together with Hermitage Consultants, Inc., La Signoria Assets Corp.,

and Netvalue Strategy S.A., the "Panama Defendants").   In support thereof, the Receiver

respectfully states as follows:

---

[1] The Receivership Entities include: Highview Point Partners, LLC; MK Master Investments LP; MK Investments, Ltd.; MK Oil Ventures LLC; The Michael Kenwood Group, LLC; Michael Kenwood Capital Management, LLC; Michael Kenwood Asset Management, LLC ("MKAM"); MK Energy and Infrastructure, LLC ("MKE&I"); MKEI Solar, LP; MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting, LLC; MK International Advisory Services, LLC; MKG-Atlantic Investment, LLC; Michael Kenwood Nuclear Energy, LLC; MyTcart, LLC; TUOL, LLC; MKCM Merger Sub, LLC; MK Special Opportunity Fund ("SOF"); MK Venezuela, Ltd. ("MKV"); and Short Term Liquidity Fund I, Ltd. ("STLF").

[2] The terms "letter of request" and "letter rogatory" are used interchangeably to denote a formal request from a court in which an action is pending to a foreign court to perform some judicial act. *See* 22 C.F.R 92.54 (2011); U.S. Department of State, Preparation of Letters Rogatory, http://travel.state.gov/law/judicial/judicial_683.html#sample (last visited January 24, 2013).

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1367 in that this is an action brought by the Receiver appointed by this Court concerning

property under this Court's exclusive jurisdiction.  *See SEC v. Illarramendi*, *Michael Kenwood*

*Capital Mgmt., LLC et al.* C.A., No. 3:11-cv-00078 (JBA), Amended Order Appointing Receiver

(June 22, 2011) (Docket #279).

2.      This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C.

§ 754 and 28 U.S.C. § 1692.

3.      The District of Connecticut is the appropriate venue for any claims brought by the

Receiver pursuant to 28 U.S.C. § 754 as the acts and transfers alleged herein occurred in the

District.

4.      The statutory predicates for the relief requested are Federal Rules 4(f)(1) and

4(h)(2) and the Inter-American Convention.[3]

## RECEIVER'S STANDING

5.      On January 14, 2011, the SEC commenced a civil enforcement action against

Illarramendi, MK Capital, and various Relief Defendants (the "SEC Defendants").  The SEC's

complaint alleges that Illarramendi and others misappropriated investor assets in violation of

Section 206(1), (2) and (4) of the Investment Advisers Act of 1940 and Rule 206(4)-(8)

thereunder.  The SEC also sought equitable relief, including injunctions against future violations

of the securities laws, disgorgement, prejudgment interest, and civil monetary penalties.

6.      Simultaneously with the filing of its complaint, the SEC sought emergency relief,

including a preliminary injunction, in the form of an order freezing the assets of the SEC

Defendants.  The SEC also sought the appointment of a receiver over those assets.

---

[3] Organization of American States, Inter-American Convention on Letters Rogatory, Jan. 30, 1975, O.A.S.T.S. No. 43, Additional Protocol to the Inter-American Convention on Letters Rogatory and Annex, May 8, 1979, O.A.S.T.S. No. 56, *available at* http://www.oas.org/juridico/english/Treaties/b-46.html.

7.     On February 3, 2011, the Court appointed Plaintiff John J. Carney, Esq. as Receiver over all assets "under the direct or indirect control" of MK Capital and Relief Defendants MKAM, MKE&I, and MKEI Solar, LP.  A motion to expand the scope and duties of the Receivership was filed on March 1, 2011, and the Amended Receiver Order was entered on March 1, 2011, expanding both the duties of the Receiver and the definition of the Receivership Estate to include the MK Funds, namely SOF, MKV and STLF.

8.     On June 22, 2011, the Court entered a second Amended Receiver Order, which, *inter alia*, expanded the scope of the Receivership Estate to include HVP Partners as a Receivership Entity.  By additional order of the Court, the Receivership was again expanded on July 5, 2011, to include MK Master Investments LP, MK Investments, Ltd. and MK Oil Ventures LLC ("MK Oil").  On January 4, 2012, the Court entered another modified Receiver Order to include additional reporting requirements.  On February 2, 2012, the Receiver filed a Motion to Expand the Receivership to include the HVP Funds; that Motion is currently pending before this Court.

9.     Pursuant to the Court's Amended Order Appointing Receiver of January 4, 2012 ("Amended Receiver Order"), the Receiver has the duty of, among other things, identifying and recovering property of the Receivership Entities to ensure the maximum distribution to the Receivership Entities' defrauded creditors and to maximize the pool of assets available for distribution.  To accomplish this goal, the Receiver must take control of all assets owned by or traceable to the Receivership Estate, including any funds that were stolen, misappropriated, or fraudulently transferred.

10.    The Receiver has standing to bring these claims pursuant to, among other things, Connecticut Uniform Fraudulent Transfer Act ("CUFTA"), CONN. GEN. STAT. § 55-552, and Connecticut common law.

11.     The Receiver has standing to bring claims that the Receivership Entities could have brought on their own behalf.  Illarramendi freely commingled proceeds between and among the Receivership Entities such that the Receivership Entities, including the MK Funds, are creditors of one another.  Accordingly, the Receiver has standing to recover the fraudulent transfers made to the Defendants.

## BACKGROUND

12.     On February 3, 2012, the Receiver filed the above-captioned Complaint,[4] seeking to recapture and return investor proceeds that were misappropriated as part of the fraudulent scheme alleged in the SEC Action.

13.     This action, as well as all of the complaints filed by the Receiver on February 2 and 3, 2012, are related to the SEC Action because they arise from the same fraudulent scheme, and concern the same transactions and events.

14.     This lawsuit is one of several steps the Receiver is taking in his continuing effort to recapture and return the investor proceeds stolen from funds managed and operated as a Ponzi scheme by Illarramendi and others affiliated with the MK Group and Highview Point Partners, LLC ("HVP Partners").

15.     On March 2, 2012, the Receiver filed his first motion for the issuance of Letters of Request to serve process on the Panama Defendants pursuant to the Inter-American Convention and Federal Rules 4(f)(1) and 4(h)(2).  The Court granted that motion on March 19, 2012 and issued the Letters of Request on March 21, 2012.  The Receiver subsequently forwarded the Letters of Request and the appropriate service documents to the designated United

---

[4] On February 2 and 3, 2012, the Receiver also filed the following actions, which are also related to the SEC Action: Carney v. Habeck, et al., 12-cv-164; Carney v. Illarramendi, et al., 12-cv-165; Carney v. Marin, et al., 12-cv-181; Carney v. Lopez, et al., 12-cv-182; Carney v. Montes, et al., 12-cv-183.

States Central Authority under the Inter-American Convention,[5] which, in turn, forwarded the documents to the Panamanian Central Authority.

16.    On June 11, 2012, the Receiver filed an amended complaint (the "Amended Complaint"), once again naming each of the Panama Defendants.[6]  On July 19, 2012, the Receiver filed his second motion for the issuance of Letters of Request to serve process on the Panama Defendants pursuant to the Inter-American Convention and Federal Rules 4(f)(1) and 4(h)(2).  The Court granted that motion on July 25, 2012.  The Receiver subsequently forwarded these Letters of Request and the appropriate service documents to the designated United States Central Authority under the Inter-American Convention, which, in turn, forwarded the documents to the Panamanian Central Authority.

17.    The Receiver has received notifications from the Panamanian authorities that— although the Letters of Request were validly issued and transmitted—multiple attempts to serve the Subject Defendants personally at designated addresses in Panama had failed.  Accordingly, the Letters of Request as to the Subject Defendants were returned unexecuted.[7]

18.    The Receiver now seeks, once again, to attempt service of the Amended Complaint, and accompanying documents, on the Subject Defendants.

## RELIEF REQUESTED AND REASONS THEREFOR

19.    Federal Rules 4(f) and 4(h)(2) collectively govern service of process upon corporations located in foreign countries.  Federal Rule 4(h)(2) requires service on foreign

---

[5] Process Forwarding International ("PFI") has been contracted by the U.S. Department of Justice to act as the designated Central Authority in the United States for the Inter-American Convention.  *See* U.S Department of State, Service of Judicial Documents Abroad, http://travel.state.gov/law/judicial/judicial_680.html#interamerican (last visited January 24, 2013).

[6] The Receiver filed the Amended Complaint as of right under Federal Rule 15(a)(1)(B) after defendants Moris Beracha, Fractal Fund Management, Ltd., Fractal L Holding, Ltd., Fractal P Holding, Ltd., Northwestern International, Ltd., and Rowborrow Trading Corp filed a motion to dismiss on May 21, 2012 and defendant Bradleyville filed a separate motion to dismiss on May 24, 2012.  Those defendants then elected to apply the original motions to dismiss to the Amended Complaint.

[7] The Letters of Request as to the remaining Panama Defendants have not yet been returned by the Panamanian authorities.  Additionally, despite his multiple attempts at serving the Panama Defendants, the Receiver has not been contacted by any of the Panama Defendants or their counsel.

corporations "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  The applicable subdivision of Rule 4(f) is 4(f)(1), which allows for service "by any internationally agreed means of service that is reasonably calculated to give notice[.]"  Panama is a party to the Inter-American Convention,[8] which provides for service of process by a Letter of Request.

20.     Service under the Inter-American Convention requires that this Court sign and stamp the Letter of Request, which must then be transmitted to the designated U.S. Central Authority, which must also sign the Letter of Request before transmitting it to the Central Authority in Panama.  Once the Central Authority in Panama receives the Letter of Request, it will transmit the Letter to the appropriate court(s) for processing in accordance with local law.

21.     Although personal service of the Amended Complaint on the Subject defendants has not, thus far, succeeded, local counsel in Panama has advised the Receiver that updated Letters of Request pose a strong probability of successful execution.[9]  The Receiver, therefore, seeks to effectuate service upon the Panama Defendants pursuant to the Inter-American Convention and Federal Rules 4(f)(1) and 4(h)(2).

22.     Accordingly, the Receiver respectfully requests the entry of an order directing that the Letters of Request be signed and issued under the seal of the Court so that they, along with the judicial documents to be served, may be sent via the appropriate governmental channels to the appropriate judicial authorities in Panama for service upon the Subject Defendants.  The documents to be served include the following:

- Amended Complaint, dated June 11, 2012, along with relevant exhibits;

---

[8] Inter-American Convention, *supra* note 3.
[9] Specifically, local counsel has advised the Receiver that the Panamanian authorities have recently adopted a public summons method by which a defendant is deemed served under Panamanian law even if the defendant refuses or evades receipt of the service documents.  Moreover, local counsel has advised that the Letters of Request currently pending for the remaining Panama Defendants will be served in accordance with this public summons method.  Nonetheless, the Receiver reserves his right to seek additional relief in order to serve the remaining Panama Defendants, if necessary.

- Order on Pretrial Deadlines, of February 3, 2012;

- Electronic Filing Order, before the United States District Court for the District of Connecticut, of February 3, 2012;

- Notice to Counsel and Pro Se Parties, of February 6, 2012; and,

- Summons in a Civil Case, dated July 5, 2012.[10]

23.    A proposed order is attached to this motion.  Two Letters of Request, one for each of the Subject Defendants, are attached to the proposed order.

## NOTICE

Notice of this motion (i) has been provided by U.S. Mail, postage prepaid, international courier, or email to all defendants in this proceeding; (ii) was filed electronically and served by mail on anyone unable to accept electronic filing; and (iii) has been provided to the Securities and Exchange Commission.  The Receiver submits that no other or further notice need be given.

---

[10] Three copies of the Service Documents will be submitted with the Letter of Request to the appropriate governmental authorities.  Certified Spanish translations of each of the documents will also be submitted.

**WHEREFORE**, the Receiver respectfully requests that the Court (a) enter an order substantially in the form attached hereto, granting the relief requested herein; and (b) grant such other and further relief as the Court deems proper.

Respectfully submitted this 24th Day of January, 2013

 /s/  *Jonathan B. New*
Jonathan B. New (phv04633)
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
jnew@bakerlaw.com
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Receiver John J. Carney, Esq.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2013, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.


_/s/  Jonathan B. New_____
Jonathan B. New (phv04633)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER, FOR HIGHVIEW POINT PARTNERS, LLC, MICHAEL KENWOOD GROUP, LLC, MK MASTER INVESTMENTS LP, MK INVESTMENTS, LTD., MK OIL VENTURES LLC, MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC; MICHAEL KENWOOD ASSET MANAGEMENT, LLC; MK ENERGY AND INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL KENWOOD CONSULTING, LLC; MK INTERNATIONAL ADVISORY SERVICES, LLC; MKG-ATLANTIC INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MK CAPITAL MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND, I, LTD.<br><br><br><br>                    Plaintiff,<br><br>          v.<br><br>MORIS BERACHA; 4A STAR CORP.; BRADLEYVILLE LTD.; BRAVE SPIRIT LTD.; DOBSON MANAGEMENT CORP.; EAST COAST CONSULTANT CORP.; FRACTAL FUND MANAGEMENT LTD.; FRACTAL L HOLDING LTD.; FRACTAL P. HOLDING LTD.; HERMITAGE CONSULTANTS INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; ROWBERROW TRADING CORP.; and SUNNY SERVICES CORP.,<br><br>                    Defendants. | No. 12-CV-00180-SRU<br><br><br><br><br><br><br><br><br><br><br>**[PROPOSED]**<br><br>**ORDER ISSUING LETTERS OF REQUEST FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS ON DEFENDANTS IN PANAMA** |

**WHEREAS** this matter has come before this Court motion (the "Motion") of John J. Carney Esq. (the "Receiver"), as Receiver to The Michael Kenwood Group, LLC (the "MK Group") and certain affiliated entities in *SEC v. Illarramendi*, *Michael Kenwood Capital Mgmt., LLC et al. C.A.*, No. 3:11-cv-00078 (JBA), by and through his undersigned counsel, seeking entry of an order (the "Order") issuing two Letters of Request (as defined in the Motion) to be transmitted, via the appropriate channels, to the appropriate courts in Panama for service on defendants Dobson Management Corp. and 4A Star Corp. (together, the "Subject Defendants");

**WHEREAS** the Court finds that due and sufficient notice of the Motion has been given under the circumstances;

**WHEREAS** the Court finds that, based on the record in these proceedings, the relief sought in the Motion is appropriate based upon the information provided in the Motion and in the Amended Complaint; and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district.

After due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is **GRANTED**; and it is further

2.      **ORDERED** that the Letters of Request, as attached to the Order, shall be signed by the Court and stamped with the seal of the Court, for transmission, pursuant to the Inter-American Convention on Letters Rogatory and Additional Protocol with Annex, to the appropriate judicial authorities in Panama so that valid service of process may be effectuated upon the Subject Defendants; and it is further

3.      **ORDERED** that the Clerk of the Court shall remit originals of the signed and stamped Letters of Request to Counsel for the Receiver, cost of mailing to be assigned to the

Receiver, and that Counsel for the Receiver shall then duly and properly transmit the Letters of

Request for service abroad.


Dated: _____ _____, 2013


_____
THE HONORABLE STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

**REQUEST FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL
DOCUMENTS PURSUANT TO THE ADDITIONAL PROTOCOL
TO THE INTER-AMERICAN CONVENTION ON LETTERS ROGATORY**

FORM A

LETTER ROGATORY [1]

| 1 REQUESTING JUDICIAL OR OTHER ADJUDICATORY AUTHORITY<br><br>United States District Court<br>District of Connecticut<br>450 Main Street<br>Hartford, CT 06103, USA | 2 CASE NO.12-CV-00180-SRU<br><br>John J. Carney, Receiver<br>Plaintiff<br>v.<br>Moris Beracha., et al.<br>Defendants |
|---|---|
| 3 CENTRAL AUTHORITY OF THE STATE OF ORIGIN<br><br>Process Forwarding International<br>633 Yesler Way<br>Seattle, WA 98104 USA | 4 CENTRAL AUTHORITY OF THE STATE OF DESTINATION<br><br>Ministerio de Relaciones Exteriores<br>San Felipe, Calle 3, Palacio Bolivar<br>Ciudad de Panama<br>Republica de Panama |
| 5 REQUESTING PARTIES:<br><br>John J. Carney, Receiver<br><br>c/o COUNSEL TO THE REQUESTING PARTIES | 6 COUNSEL TO THE REQUESTING PARTIES<br><br>Ona T. Wang / Benedetti & Benedetti<br>BakerHostetler LLP / Comosa Building, 21st Fl<br>45 Rockefeller Plaza / Samuel Lewis Avenue and<br>New York, NY / Manuel Maria Icaza<br>10111, USA / Ciudad de Panama<br>Republica de Panama |

PERSON DESIGNATED TO ACT IN CONNECTION WITH THE LETTER ROGATORY

Rick Hamilton
Process Forwarding International
633 Yesler Way
Seattle, WA 98104 USA

Tel: +206 521 2861
Fax: +206 224 3410
Email: rickh@pfiserves.com

---

[1] Complete the original and two copies of this form; if A (1) is applicable, attach the original and two
copies of the translation of this item in the language of the State of destination.
*Delete if inapplicable.

The Central Authority signing the letter rogatory has the honor to transmit to you in triplicate the documents listed below and, in conformity with the Protocol to the Inter-American Convention on Letters Rogatory:

* A.   Requests their prompt service on:
**DOBSON MANAGEMENT CORP.**
**Jose E. Silva as Legal Representative**
**Calle 53E, Urbanizacion Marbella, MMC Tower, Piso 16,**
**Republic of Panama**

The undersigned authority requests the service be carried out in the following manner:

* (1) In accordance with the special procedure or additional formalities that are described below, as provided for in the second paragraph of Article 10 of the above mentioned Convention; or

_____
_____
_____
_____

* (2) By service personally on the identified addressee or, in the case of a legal entity, on its authorized agent; or

* (3) If the person or the authorized agent of the entity to be served is not found, service shall be made in accordance with the law of the State of destination.

* C.   Requests the Central Authority of the State of destination to return to the Central Authority of the State of origin one copy of the documents listed below and attached to this letter rogatory, and an executed Certificate of the attached Form C.

Done at _____this_____date of_____, 20___

_____          _____
Signature and stamp of the                      Signature and stamp of the
judicial or other adjudicatory                  Central Authority of the
authority of the State of origin                State of origin

Title or other identification of each document to be delivered:
AMENDED COMPLAINT WITH EXHIBIT 1; ORDER ON PRETRIAL DEADLINES; ELECTRONIC FILING ORDER; NOTICE TO COUNSEL AND PRO SE PARTIES; AMENDED SUMMONS IN A CIVIL CASE

**ANNEX TO THE ADDITIONAL PROTOCOL
TO THE INTER-AMERICAN CONVENTION OF LETTERS ROGATORY**

FORM B

ESSENTIAL INFORMATION FOR THE ADDRESSEE [1]

To:
**DOBSON MANAGEMENT CORP.**
**Jose E. Silva as Legal Representative**
**Calle 53E, Urbanizacion Marbella, MMC Tower, Piso 16,**
**Republic of Panama**

You are hereby informed that a claim for civil damages has been instituted against you.

A copy of the letter rogatory that gives rise to the service or delivery of these documents is attached to this document. This copy also contains essential information for you.  Also attached are copies of the complaint or pleading initiating the action in which the letter rogatory was issued, of the documents attached to the complaint or pleading, and of any rulings that ordered the issuance of the letter rogatory.

ADDITIONAL INFORMATION
I
FOR SERVICE

A.   The document being served on you (original or copy) concerns the following:
       The institution of a claim for civil damages against you.

B.   The remedies sought or the amount in dispute is as follows:
       Plaintiff is seeking to avoid and recover transfers of property, along with other
       relief, in an amount to be determined in court.

C.   By this service, you are requested:
       To answer the claim.

D.   You are being summoned as a Defendant in a civil action.  You must make a
written appearance within 60 days after service of this summons on you (not counting the
day you received it), as instructed in the accompanying Summons in a Civil Case.

3

[1] Complete the original and two copies of this form in the language of the State of origin and two copies in the language of the State of destination.

If you fail to respond, the consequences might be the Plaintiffs may be awarded the judgment they seek without further notice to you.

The documents listed in Part III are being furnished to you so that you may better understand and defend your interests.

**III**
**LIST OF ATTACHED DOCUMENTS**

AMENDED COMPLAINT WITH EXHIBIT 1; ORDER ON PRETRIAL DEADLINES; ELECTRONIC FILING ORDER; NOTICE TO COUNSEL AND PRO SE PARTIES; AMENDED SUMMONS IN A CIVIL CASE

Done at _____ this _____day of

_____, 20 _____

_____          _____
Signature and stamp of the                                    Signature and stamp of
judicial or other adjudicatory                               the Central Authority
authority of the State of origin                             of the State of origin

4

**ANNEX TO THE ADDITIONAL PROTOCOL**
**TO THE INTER-AMERICAN CONVENTION ON LETTERS ROGATORY**

FORM C

CERTIFICATE OF EXECUTION [1]

To: _____
_____
_____
(Name and address of judicial or other adjudicatory authority that issued the letter rogatory)

In conformity with the Additional Protocol to the Inter-American Convention on Letters Rogatory, signed at Montevideo on May 8, 1979, and in accordance with the attached original letter rogatory, the undersigned Central Authority has the honor to certify the following:

\*    A.   That one copy of the documents attached to this Certificate has been served or delivered as follows:

Date: _____

At (Address) _____

By one of the following methods authorized by the Convention.

\* (1)   In accordance with the special procedure or additional formalities that are described below, as provided for in the second paragraph of Article 10 of the above mentioned Convention, or

_____
_____
_____

\* (2)   By service personally on the identified addressee or, in the case of a legal entity, on its authorized agent, or

\* (3)   If the person or the authorized agent of the entity to be served was not found, in accordance with the law of the State of destination; (Specify method used)

_____
_____
_____
_____

[1] Complete the original and one copy in the language of the State of destination.
\*Delete if inapplicable

\*    B.   That the documents referred to in the letter rogatory have been delivered to:

5

Identity of person _____

_____

_____

Relationship to the addressee _____

(Family,business or other)

_____

_____

\*   C.   That the documents attached to the Certificate have not been served or
         delivered for the following reason(s):

_____

_____

_____

\*   D   In conformity with the Protocol, the party requesting execution of the letter
        rogatory is requested to pay the outstanding balance of costs in the amount
        indicated in the attached statement.

Done at _____the _____day of _____20____

_____

(Signature and stamp of Central Authority of the State of destination)

Where appropriate, attach originals or copies
of any additional documents proving service
or delivery, and identify them

\*Delete if inapplicable

6

**REQUEST FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL
DOCUMENTS PURSUANT TO THE ADDITIONAL PROTOCOL
TO THE INTER-AMERICAN CONVENTION ON LETTERS ROGATORY**

FORM A

LETTER ROGATORY [1]

| | |
|---|---|
| **1**<br>REQUESTING JUDICIAL OR OTHER ADJUDICATORY AUTHORITY<br><br>United States District Court<br>District of Connecticut<br>450 Main Street<br>Hartford, CT 06103, USA | **2**<br>CASE NO.12-CV-00180-SRU<br><br>John J. Carney, Receiver<br>Plaintiff<br>v.<br>Moris Beracha., et al.<br>Defendants |
| **3**<br>CENTRAL AUTHORITY OF THE STATE OF ORIGIN<br><br>Process Forwarding International<br>633 Yesler Way<br>Seattle, WA 98104 USA | **4**<br>CENTRAL AUTHORITY OF THE STATE OF DESTINATION<br><br>Ministerio de Relaciones Exteriores<br>San Felipe, Calle 3, Palacio Bolivar<br>Ciudad de Panama<br>Republica de Panama |
| **5**<br>REQUESTING PARTIES:<br><br>John J. Carney, Receiver<br><br>c/o COUNSEL TO THE REQUESTING PARTIES | **6**<br>COUNSEL TO THE REQUESTING PARTIES<br><br>Ona T. Wang    Benedetti & Benedetti<br>BakerHostetler LLP  Comosa Building, 21st Fl<br>45 Rockefeller Plaza  Samuel Lewis Avenue and<br>New York, NY    Manuel Maria Icaza<br>10111, USA    Ciudad de Panama<br>    Republica de Panama |

PERSON DESIGNATED TO ACT IN CONNECTION WITH THE LETTER ROGATORY

Rick Hamilton
Process Forwarding International
633 Yesler Way
Seattle, WA 98104 USA

Tel: +206 521 2861
Fax: +206 224 3410
Email: rickh@pfiserves.com

---

[1] Complete the original and two copies of this form; if A (1) is applicable, attach the original and two copies of the translation of this item in the language of the State of destination.
*Delete if inapplicable.

The Central Authority signing the letter rogatory has the honor to transmit to you in triplicate the documents listed below and, in conformity with the Protocol to the Inter-American Convention on Letters Rogatory:

\* A.   Requests their prompt service on:
**4A STAR CORP.,**
**Con domicilio en las oficinas de POSADA & VECINOS CONSULTORES**
**INTERNACIONALES INC. ubicadas en Calle 53E, Urbanización Marbella, World**
**Trade Center, Piso 14, Esc. 1404, la ciudad de Panamá, Provincia de Panamá,**
**República de Panamá.**
**Luis Maria Piñeyrua Pittaluga**

The undersigned authority requests the service be carried out in the following manner:

\* (1) In accordance with the special procedure or additional formalities that are described below, as provided for in the second paragraph of Article 10 of the above mentioned Convention; or

_____
_____
_____
_____

\* (2) By service personally on the identified addressee or, in the case of a legal entity, on its authorized agent; or

\* (3) If the person or the authorized agent of the entity to be served is not found, service shall be made in accordance with the law of the State of destination.

\* C.   Requests the Central Authority of the State of destination to return to the Central Authority of the State of origin one copy of the documents listed below and attached to this letter rogatory, and an executed Certificate of the attached Form C.

Done at _____this_____date of_____, 20___

_____          _____
Signature and stamp of the                               Signature and stamp of the
judicial or other adjudicatory                           Central Authority of the
authority of the State of origin                         State of origin

Title or other identification of each document to be delivered:
AMENDED COMPLAINT WITH EXHIBIT 1; ORDER ON PRETRIAL DEADLINES; ELECTRONIC FILING ORDER; NOTICE TO COUNSEL AND PRO SE PARTIES; AMENDED SUMMONS IN A CIVIL CASE

2

**ANNEX TO THE ADDITIONAL PROTOCOL
TO THE INTER-AMERICAN CONVENTION OF LETTERS ROGATORY**

FORM B

ESSENTIAL INFORMATION FOR THE ADDRESSEE [1]

To:
**4A STAR CORP.,
Con domicilio en las oficinas de POSADA & VECINOS CONSULTORES
INTERNACIONALES INC. ubicadas en Calle 53E, Urbanización Marbella, World
Trade Center, Piso 14, Esc. 1404, la ciudad de Panamá, Provincia de Panamá,
República de Panamá.
Luis Maria Piñeyrua Pittaluga**


You are hereby informed that a claim for civil damages has been instituted against
you.

   A copy of the letter rogatory that gives rise to the service or delivery of these
documents is attached to this document. This copy also contains essential information
for you.  Also attached are copies of the complaint or pleading initiating the action in
which the letter rogatory was issued, of the documents attached to the complaint or
pleading, and of any rulings that ordered the issuance of the letter rogatory.

ADDITIONAL INFORMATION
I
FOR SERVICE

A.  The document being served on you (original or copy) concerns the following:
     The institution of a claim for civil damages against you.


B.  The remedies sought or the amount in dispute is as follows:
     Plaintiff is seeking to avoid and recover transfers of property, along with other
     relief, in an amount to be determined in court.


C.  By this service, you are requested:
     To answer the claim.


 D.   You are being summoned as a Defendant in a civil action.  You must make a
written appearance within 60 days after service of this summons on you (not counting the
day you received it), as instructed in the accompanying Summons in a Civil Case.

[1] Complete the original and two copies of this form in the language of the State of origin and two copies in the language of the State of destination.

If you fail to respond, the consequences might be the Plaintiffs may be awarded the judgment they seek without further notice to you.

The documents listed in Part III are being furnished to you so that you may better understand and defend your interests.

**III**
**LIST OF ATTACHED DOCUMENTS**

AMENDED COMPLAINT WITH EXHIBIT 1; ORDER ON PRETRIAL DEADLINES; ELECTRONIC FILING ORDER; NOTICE TO COUNSEL AND PRO SE PARTIES; AMENDED SUMMONS IN A CIVIL CASE

Done at _____ this _____day of

_____, 20 _____

_____        _____
Signature and stamp of the                                         Signature and stamp of
judicial or other adjudicatory                                        the Central Authority
authority of the State of origin                                      of the State of rigin

**ANNEX TO THE ADDITIONAL PROTOCOL
TO THE INTER-AMERICAN CONVENTION ON LETTERS ROGATORY**

FORM C

CERTIFICATE OF EXECUTION [1]

To: _____
_____
_____
(Name and address of judicial or other adjudicatory authority that issued the letter rogatory)

In conformity with the Additional Protocol to the Inter-American Convention on Letters Rogatory, signed at Montevideo on May 8, 1979, and in accordance with the attached original letter rogatory, the undersigned Central Authority has the honor to certify the following:

\* A. That one copy of the documents attached to this Certificate has been served or delivered as follows:

Date: _____

At (Address) _____

By one of the following methods authorized by the Convention.

\* (1) In accordance with the special procedure or additional formalities that are described below, as provided for in the second paragraph of Article 10 of the above mentioned Convention, or

_____
_____
_____

\* (2) By service personally on the identified addressee or, in the case of a legal entity, on its authorized agent, or

\* (3) If the person or the authorized agent of the entity to be served was not found, in accordance with the law of the State of destination; (Specify method used)

_____
_____
_____
_____
_____

[1] Complete the original and one copy in the language of the State of destination.
\*Delete if inapplicable

\* B. That the documents referred to in the letter rogatory have been delivered to:

Identity of person _____

_____

_____

Relationship to the addressee _____

(Family, business or other)

_____

_____

\*   C.   That the documents attached to the Certificate have not been served or
delivered for the following reason(s):

_____

_____

_____

\*   D   In conformity with the Protocol, the party requesting execution of the letter
rogatory is requested to pay the outstanding balance of costs in the amount
indicated in the attached statement.

Done at _____the _____day of _____20___

_____

(Signature and stamp of Central Authority of the State of destination)

Where appropriate, attach originals or copies
of any additional documents proving service
or delivery, and identify them

\*Delete if inapplicable

6