UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY,<br><br>            Plaintiff,<br><br>         -against-<br><br>MORIS BERACHA; 4A STAR CORP; BRADLEYVILLE, LTD.; BRAVE SPIRIT, LTD.; CONSULTING CORP.; FRACTAL FUND MANAGEMENT, LTD.; FRACTAL FACTORING FUND; FRACTAL L. HOLDING, LTD.; FRACTAL P. HOLDING, LTD; FRACTAL FACTORING II; HERMITAGE CONSULTANTS, INC.; LA SIGNORIA ASSETS CORP.; NETVALUE STRATEGY, S.A.; NORTHWESTERN INTERNATIONAL, LTD.; and ROWBERROW TRADING CORP.,<br><br>            Defendants. | Case No. 3:12-cv-00180-SRU<br><br>January 25, 2013 |

**OPPOSITION TO RECEIVER'S THIRD MOTION UNDER THE INTER-AMERICAN CONVENTION ON LETTERS ROGATORY AND ADDITIONAL PROTOCOL WITH ANNEX AND THE FEDERAL RULES OF CIVIL PROCEDURE FOR AN ORDER ISSUING LETTERS OF REQUEST FOR SERVICE ABROAD OF JUDICIAL OR <u>EXTRAJUDICIAL DOCUMENTS ON DEFENDANTS IN PANAMA</u>**

    Defendant Northwestern International, Ltd. ("Northwestern"), through its undersigned attorneys, having entered a special appearance subject to its objections to the Court's personal jurisdiction and reserving all its rights as heretofore, *see* Motion on Consent for Extension of Time and Approval of Briefing Schedule (Doc. No. 48), hereby submits this opposition to the Receiver's Third Motion Under the Inter-American Convention on Letters Rogatory and Additional Protocol with Annex and Rules 4(f)(1) and 4(h)(2) of the Federal Rules of Civil Procedure for an Order Issuing Letters of Request for Service Abroad of

Judicial or Extrajudicial Documents on Defendants in Panama ("Third Motion for Letters Rogatory"). (Doc. No. 111.)

In his motion, the Receiver John J. Carney asks the Court to enter an order issuing Letters Rogatory to serve defendants Dobson Management Corp. and 4A Star Corp. (the "Subject Defendants"). Northwestern has no connection to Dobson Management Corp. Northwestern has a shareholder, Moris Beracha, who is alleged to be 4A Star Corp.'s shareholder. Northwestern opposes the Third Motion for Letters Rogatory as to both Subject Defendants because Carney seeks to serve an Amended Complaint in which he alleges that the Subject Defendants are alter egos of Northwestern. Thus if the Subject Defendants were served the Amended Complaint, and if either Subject Defendant were to default after service of process abroad pursuant to any order granting the Third Motion for Letters Rogatory, a default judgment against either of the Subject Defendants would adjudicate them, without legal or factual basis to do so, to be Northwestern's alter egos regardless of the dismissal of Northwestern from this action for lack of personal jurisdiction. (*See* Memorandum of Law in Support of Defendants Moris Beracha Fractal Fund Management, Ltd., Fractal L Holding, Ltd. Fractal P Holding, Ltd., Northwestern International, Ltd. and Rowberrow Trading Corp.' Motion to Dismiss and for Relief from Antisuit Injunction, at 1) ("Memorandum of Law in Support of Motion to Dismiss") (Doc. No. 63-1.)

The Court should deny the request for an order issuing Letters Rogatory to serve defendants Dobson Management Corp. and 4A Star Corp. because its sole stated jurisdictional basis is the Federal Receivership Statute, 28 U.S.C. §§ 754 and 1692, which expressly excludes service outside the territorial limits of the United States. (*See* Memorandum of Law in Support of Motion to Dismiss) (Doc. No. 63-1.) As Northwestern

2

and other movants explained therein, the Federal Receivership Statute provides *in rem* jurisdiction over receivership property located in judicial districts of the United States, and even if its terms were construed as the Sixth and District of Columbia Circuits have done to provide *in personam* jurisdiction and service of process over residents or domiciliaries of other judicial districts who control receivership property located therein, no service of process may be effectuated under the Federal Receivership Statute outside of such judicial districts.  No federal court has ever held that the Federal Receivership Statute affords a basis for service of process outside a judicial district of the United States, and Carney cites no authority to that effect.  Since there ceased to be a judicial district of the United States in Panama long ago, the instant motion is misguided and unfounded.  Accordingly, the Third Motion for Letters Rogatory should be denied.

Dated:  January  25, 2013                                             Respectfully submitted,


                                                                     /s/ Michael P. Socarras


| SHIPMAN & GOODWIN, LLP | CHADBOURNE & PARKE, LLP |
|---|---|
| One Constitution Plaza | 1200 New Hampshire Avenue NW |
| Hartford, CT 06103 | Washington, DC 20036 |
| Tel:  860.251.5000 | Tel:  202.974.5600 |
| Fax: 860.251.5099 | Fax:  202.974.5602 |
| Ross H. Garber (ct17689) | Michael P. Socarras (phv05388) |
| Sara J. Goldfarb (ct28370) | Marcelo M. Blackburn (phv05568) |
| rgarber@goodwin.com | LeeAnn O'Neill (phv05389) |
| sgoldfarb@goodwin.com | msocarras@chadbourne.com |
|  | mblackburn@chadbourne.com |
|  | loneill@chadbourne.com |

*Attorneys for Moris Beracha, Fractal Fund Management, Ltd., Fractal L Holding, Ltd., Fractal P Holding, Ltd., Northwestern International, Ltd., and Rowberrow Trading Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2013, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/Doc. System.

/s/ Michael P. Socarras
Michael P. Socarras (phv05388)